TRAVIS P. BRENNAN, State Bar No. 238119
  tbrennan@stradlinglaw.com
SEAN THOMAS LOBB, State Bar No. 324213
  stlobb@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH LLP
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: (949) 725-4000
Fax: (949) 725-4100

Attorneys for Defendant
DECKERS OUTDOOR CORP.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ORTIZ and LAURA WILLIS ALBRIGO, individuals, on behalf of themselves, the general public, and those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DECKERS OUTDOOR CORP.,<br><br>Defendant. | Case No. 3:25-cv-09631-RFL<br>Assigned to Hon. Rita F. Lin<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE THE CLASS ACTION COMPLAINT**<br><br>[*Filed concurrently with Request for Judicial Notice*]<br><br>Hearing:<br>Date:       March 24, 2026<br>Time:       10:00 a.m.<br>Location:   Phillip Burton Federal Building<br>            Courtroom 15 – 18th Floor<br>            450 Golden Gate Avenue<br>            San Francisco, CA 94102<br><br>Complaint Filed:   November 7, 2025<br>Trial Date:        N/A |

STRADLING YOCCA
CARLSON & RAUTH

-1-

DEFENDANT'S MOTION TO DISMISS AND STRIKE
CASE NO. 3:25-CV-09631-JCS

**TO THE COURT AND ALL PARTIES AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on March 24, 2026 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 15 of this Court, located at 450 Golden Gate Ave., San Francisco, CA 94102, before the Honorable Rita F. Lin, attorneys for Defendant Deckers Outdoor Corp. ("Deckers") move the Court for an order dismissing with prejudice Plaintiffs Jose Ortiz and Laura Willis Albrigo's Class Action Complaint (Dkt. 1) (the "Motion").

Deckers brings this Motion under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiffs fail to allege sufficient facts to plead: (1) invasion of privacy, (2) intrusion upon seclusion, (3) wiretapping in violation of the California Invasion of Privacy Act ("CIPA"), California Penal Code § 631(a), (4) use of a pen register in violation of CIPA, California Penal Code § 638.51, (5) fraud, and (6) unjust enrichment. Deckers further moves the Court for an order under Federal Rule of Civil Procedure 12(f) to strike immaterial and impertinent allegations regarding Sanuk (Compl. ¶¶ 1, 23, 32(c), 33, 51, 55, 77, 83, 100, 105, 117, 139).

The Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the Request for Judicial Notice; all papers and pleadings on file in this action; such other evidence and argument as may be presented at or before any hearing on this Motion; and all other matters of which the Court may take judicial notice.

DATED: February 9, 2026                     STRADLING YOCCA CARLSON &
                                            RAUTH LLP


                                            By:    /s/ Travis P. Brennan
                                                   Travis P. Brennan
                                                   Sean Thomas Lobb

                                                   Attorneys for Defendant
                                                   DECKERS OUTDOOR CORP.

STRADLING YOCCA
CARLSON & RAUTH

-2-

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................8

II. FACTUAL BACKGROUND ................................................................................9

    A. Deckers Lawfully Uses Third-Party Cookies And Sufficiently Notifies Visitors About Its Privacy Practices ...................................9

    B. Plaintiffs' Limited Allegations Regarding The Websites...................................11

III. LEGAL STANDARDS .......................................................................................12

    A. Motion To Dismiss .........................................................................................12

    B. Motion To Strike............................................................................................12

IV. ARGUMENT ......................................................................................................13

    A. Plaintiffs Fail To Meet The Heightened Pleading Standard of Rule 9(b) ......................................................................................13

        1. As To All Claims ..................................................................................... 13

        2. As To The Fraud Claim .......................................................................... 15

    B. The Complaint Fails To State A Claim For Wiretapping Under CIPA .....................................................................................15

        1. Failure To Allege That Contents Of Plaintiffs' Communications Were Read ........................................................................ 16

        2. Failure To Allege "In Transit" Eavesdropping Under CIPA ........................................................................................ 17

    C. The Complaint Fails To State A Claim For Unjust Enrichment....................................................................................................18

    D. The Allegations Regarding Sanuk Must Be Stricken Because They Are Immaterial And Impertinent................................................19

V. CONCLUSION....................................................................................................20

STRADLING YOCCA
CARLSON & RAUTH

-3-

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Astiana v. Hain Celestial Grp., Inc.*,
    783 F.3d 753 (9th Cir. 2015) ..................................................................................................18

*Bartling v. Apple Inc. (In re Apple Processor Litig.*),
    No. 22-16164, 2023 U.S. App. LEXIS 24257
    (9th Cir. Sep. 13, 2023)..........................................................................................................19

*Boris v. Wal-Mart Stores, Inc.*,
    35 F. Supp. 3d 1163 (C.D. Cal. 2014), aff'd,
    649 F. App'x 424 (9th Cir. 2016) ...........................................................................................14

*Brodsky v. Apple Inc.*,
    445 F. Supp. 3d 110 (N.D. Cal. 2020) ........................................................................16, 17, 19

*California Crane Sch., Inc. v. Google LLC*,
    722 F. Supp. 3d 1026 (N.D. Cal. 2024) (Pitts, J.)..................................................................18

*Colgate v. JUUL Labs, Inc.*,
    402 F. Supp. 3d 728 (N.D. Cal. 2019) (Orrick, J.) .................................................................13

*De Ayora v. Inspire Brands, Inc.*,
    No. 25-cv-03645-AGT, 2025 U.S. Dist. LEXIS 264583
    (N.D. Cal. Dec. 22, 2025) (Tse, J.) ...................................................................................13, 18

*Deanco Healthcare, LLC v. Becerra*,
    365 F. Supp. 3d 1029 (C.D. Cal. 2019) ..................................................................................12

*Doe I v. Google LLC*,
    741 F. Supp. 3d 828 (N.D. Cal. 2024) (Chhabria, J.) .............................................................15

*Doe v. Eating Recovery Ctr. LLC*,
    No. 23-cv-05561-VC, 2025 U.S. Dist. LEXIS 207952
    (N.D. Cal. Oct. 17, 2025)....................................................................................................9, 18

*Fantasy, Inc. v. Fogerty*,
    984 F.2d 1524 (9th Cir. 1993) ................................................................................................12

*Gilligan v. Experian Data Corp.*,
    No. 25-cv-02873-RFL, 2026 U.S. Dist. LEXIS 1907
    (N.D. Cal. Jan. 6, 2026) .........................................................................................................19

*Gutierrez v. Converse Inc.*,
    No. 24-4797, 2025 U.S. App. LEXIS 16844
    (9th Cir. July 9, 2025) ............................................................................................................16

Stradling Yocca
Carlson & Rauth

-4-
TABLE OF AUTHORITIES

*Heiting v. Taro Pharms. USA, Inc.*,
    709 F. Supp. 3d 1007 (C.D. Cal. 2023) ...............................................................................18

*Herrejon v. Ocwen Loan Servicing, LLC*,
    980 F. Supp. 2d 1186 (E.D. Cal. 2013)...............................................................................15

*Hoey v. Sony Elecs. Inc.*,
    515 F. Supp. 2d 1099 (N.D. Cal. 2007) (Whyte, J.) ............................................................18

*Jones v. Tonal Sys.*,
    751 F. Supp. 3d 1025 (S.D. Cal. 2024).................................................................................16

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) .............................................................................................13

*Kendall v. Visa USA, Inc.*,
    518 F.3d 1042 (9th Cir. 2008) .............................................................................................12

*Kiini LLC v. Victoria's Secret Stores Brand Mgmt.*,
    CV 15-8433 FMO (GJSx),
    2016 U.S. Dist. LEXIS 187632, at *4 (C.D. Cal. Sep. 9, 2016).........................................12

*Konop v. Hawaiian Airlines, Inc.*,
    302 F.3d 868 (9th Cir. 2002) .........................................................................................16, 17

*Lau v. Gen. Digit. Inc.*,
    No. 22-cv-08981-RFL, 2024 U.S. Dist. LEXIS 81310
    (N.D. Cal. Apr. 3, 2024) (Lin, J.)........................................................................................16

*Lawson v. GE*,
    No. 15-cv-02384-TEH, 2015 U.S. Dist. LEXIS 160362
    (N.D. Cal. Nov. 30, 2015)....................................................................................................19

*Long Affair Carpet & Rug, Inc. v. Liberty Mut. Ins. Co.*,
    500 F. Supp. 3d 1075 (C.D. Cal. 2020) ...............................................................................12

*Malibu Media, LLC v. Tashiro*,
    No. 1:13-cv-205-WTL-MJD, 2013 U.S. Dist. LEXIS 125897
    (S.D. Ind. Sep. 4, 2013) ......................................................................................................19

*Marden v. LMND Med. Grp., Inc.*,
    No. 23-cv-03288-RFL, 2024 U.S. Dist. LEXIS 132292
    (N.D. Cal. July 3, 2024).......................................................................................................19

*Matera v. Google Inc.*,
    No. 15-CV-04062-LHK, 2016 U.S. Dist. LEXIS 107918
    (N.D. Cal. Aug. 12, 2016) (Koh, J.).....................................................................................18

STRADLING YOCCA
CARLSON & RAUTH

-5-

TABLE OF AUTHORITIES

CASE NO. 3:25-CV-09631-JCS

*Pemberton v. Rest. Brands Int'l, Inc.*,
  No. 25-cv-03647-JSC, 2025 U.S. Dist. LEXIS 230964
  (N.D. Cal. Nov. 24, 2025)............................................................................14

*Pirozzi v. Apple Inc.*,
  913 F. Supp. 2d 840 (N.D. Cal. 2012) (Rogers, J.)....................................14

*Rodriguez v. Google LLC*,
  No. 20-cv-04688-RS, 2022 U.S. Dist. LEXIS 13476
  (N.D. Cal. Jan. 25, 2022) (Seeborg, C.J.) .................................................17

*Rojas-Lozano v. Google, Inc.*,
  159 F. Supp. 3d 1101 (N.D. Cal. 2016) .....................................................18

*Rosenow v. Facebook, Inc.*,
  No. 19-cv-1297-WQH-MDD, 2020 U.S. Dist. LEXIS 73513
  (S.D. Cal. Apr. 27, 2020) ...........................................................................18

*Selby v. Sovrn Holdings, Inc.*,
  No. 25-cv-03139-RFL, 2025 U.S. Dist. LEXIS 205538
  (N.D. Cal. Oct. 16, 2025)............................................................................19

*Sidney-Vinstein v. A.H. Robins Co.*,
  697 F.2d 880 (9th Cir. 1983) ......................................................................13

*Smith v. Yeti Coolers, LLC*,
  No. 24-cv-01703-RFL, 2025 U.S. Dist. LEXIS 54902
  (N.D. Cal. Mar. 14, 2025) (Lin, J.)............................................................15

*Valenzuela v. Keurig Green Mountain, Inc.*,
  674 F.Supp.3d 751 (N.D. Cal. 2023) (Corley, J.) ......................................16

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ....................................................................13

*In re Vizio, Inc., Consumer Priv. Litig.*,
  238 F. Supp. 3d 1204 (C.D. Cal. 2017) ......................................................18

*Walsh v. Dollar Tree Stores, Inc.*,
  No. 25-cv-01601-SVK, 2025 U.S. Dist. LEXIS 204652
  (N.D. Cal. Oct. 16, 2025) (Van Kuelen, J.) ...............................................17

*Williams v. Facebook, Inc.*,
  498 F. Supp. 3d 1189 (N.D. Cal. 2019) (Seeborg, J.).................................13

*Williams v. What If Holdings, LLC*,
  No. C 22-03780 WHA, 2022 U.S. Dist. LEXIS 230732
  (N.D. Cal. Dec. 22, 2022) (Alsup, J.) ........................................................15

STRADLING YOCCA
CARLSON & RAUTH

-6-

TABLE OF AUTHORITIES

*Yoon v. Lululemon USA, Inc.*,
  549 F. Supp. 3d 1073 (C.D. Cal. 2021) ...................................................................................17

*In re Zynga Privacy Litigation*,
  750 F.3d 1098 (9th Cir. 2014) ...............................................................................................17

**California Cases**

*Hooked Media Grp. v. Apple Inc.*,
  55 Cal. App. 5th 323 (2020) ..................................................................................................18

**California Statutes**

Cal. Civ. Code
  § 1798.100 et seq. ...................................................................................................................10

Cal. Penal Code
  § 630-638 ........................................................................................................................ *passim*

**Other Authorities**

Fed. R. Civ. P.  9(b) ........................................................................................................9, 13, 14

Fed. R. Civ. P. 12(b)(6) .............................................................................................................12

Fed. R. Civ. P. 12(f) ..................................................................................................................12

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This case is the latest in a series of numerous lawsuits filed by the same firm whose clients test the functionality of companies' voluntary "cookie banners" then assert copy-and-paste allegations claiming that the transmission of any allegedly unwanted cookies amounts to "outright lies" and "egregious privacy violations."  Here, Plaintiffs Jose Ortiz and Laura Willis Albrigo's (collectively "Plaintiffs") target the "cookie banners" of five retail websites (hoka.com, ugg.com, koolaburra.com, teva.com, and sanuk.com) (collectively "Websites") allegedly operated by Defendant Deckers Outdoor Corp. ("Deckers").  Plaintiffs generally allege that upon visiting the Websites certain third-party cookies were placed on their devices despite Plaintiffs selecting options on the cookie banner to disable "Targeted Advertising," "Personalization," and "Analytics" cookies.

Aside from inflammatory rhetoric and sweeping accusations of deception, however, as an initial matter, all six claims in the Complaint are devoid of substantive allegations.  Plaintiffs fail to allege even the most basic facts regarding their interactions with the Websites—such as when they visited, which pages they viewed, or what (if any) user content, sensitive or not, they input into the Websites when they visited.  Indeed, neither Plaintiff even alleges to have visited one of the five websites.  Moreover, there are no factual assertions explaining how Plaintiffs' routine browsing of Defendants' retail websites could plausibly result in the "egregious privacy violations" they claim.  Further, the Complaint lacks any detail about the devices or browsers Plaintiffs used, their cookie or privacy settings, whether any cookies were installed or triggered on their devices after they made their selections, or what "personal information" or "private communications" were even potentially transmitted.  In addition, despite including screenshots of various cookie banners that incorporate the full Cookie Policies of Deckers, Plaintiffs offer no explanation as to how any specific statements in any cookie banner or Cookie Policy are false and misleading.  These deficiencies are fatal under any federal pleading standard.  And because the gravamen of the Complaint is that Deckers made "outright lies" (Compl. ¶ 2), Plaintiffs

must—but do not—meet the heightened specificity required for claims sounding in fraud under Rule 9(b).

Second, Plaintiffs' wiretapping claim under CIPA must also be dismissed because Plaintiffs fail to allege: (1) that the contents of Plaintiffs' communications were read and (2) "in transit" eavesdropping. Third, Plaintiffs' unjust enrichment claim must also be dismissed because Plaintiffs have failed to allege that they lack an adequate remedy at law. Lastly, all allegations in the Complaint regarding Sanuk must be stricken because they are immaterial. Deckers has not owned or operated the Sanuk.com website since August 15, 2024 when Deckers sold the brand to another company.

As the Hon. Vince Chhabria recently held when dismissing a very similar CIPA case where the plaintiff sought to impose CIPA liability on a website operator for using a third party to perform data analytics: "As difficult as it is to apply CIPA to the physical world, it's virtually impossible to apply it to the online world . . . courts should not contort themselves to fit the type of conduct alleged in this case into the language of a 1967 criminal statute about wiretapping." *Doe v. Eating Recovery Ctr. LLC*, No. 23-cv-05561-VC, 2025 U.S. Dist. LEXIS 207952, at *19 (N.D. Cal. Oct. 17, 2025). This CIPA case alleges the same type of conduct, and it should similarly be dismissed.

## II.    FACTUAL BACKGROUND

### A.    Deckers Lawfully Uses Third-Party Cookies And Sufficiently Notifies Visitors About Its Privacy Practices.

Deckers is a company that designs and distributes footwear and apparel, including under the brands UGG, HOKA, Teva, and Koolaburra. UGG, HOKA, and Teva each has its own website (collectively "Deckers' Websites"); Koolaburra closed its website on March 31, 2025. (*See* Compl. ¶ 1, n.1.) The precise features of each Website vary, but in general, they allow users to view and purchase products. Like virtually all companies with ecommerce websites, Deckers embed first-party and third-party code on Deckers' Websites for analytics, website functionality, security, advertising, and marketing purposes. (*Id.* ¶ 24.) This code may deploy additional small text files of code, referred to as "cookies," that website servers may cause to be placed on an

STRADLING YOCCA
CARLSON & RAUTH

-9-

Internet user's browser.  Cookies can perform a variety of functions, such as helping websites operate effectively and assist website owners to personalize the user's experience.  Internet browsers (*i.e.*, Chrome, Edge, Safari) and certain privacy focused add-ons (like uBlock Origin or "Incognito Mode") contain settings that users can set to automatically accept all or only certain cookies, and also to automatically delete the browser's cookie cache at the end of the browsing session, daily, weekly, monthly (or whenever the system is rebooted), or on-demand by the user. And cookies, including those at issue here, have an expiration date, which can vary from as soon as the browsing session ends to several years after the visit.

Starting in August 2023, ***although not required by law***, Deckers voluntarily began the roll-out of a cookie management tool—including a "cookie banner" pop-up notification—to promote transparency and offer users a simple, low-burden way to input their preferences regarding certain third-party technologies used on Deckers' Websites.  The Complaint contains undated screenshots of the cookie banners on the Websites, and Plaintiffs do not allege they took these screenshots during their visit; instead, they were taken at an unknown date and time, by an unidentified "Website user."  (Compl. ¶ 25.)  As depicted, Deckers' cookie banners provide a conspicuous link to each respective "Cookie Policy," which in turn provide a link to Deckers' Privacy Policy.[1]  (*Id.*)  The linked Cookie Policy and Privacy Policy informs visitors that Deckers use cookies on the Websites, informs them of the categories of information Deckers may collect, how it is collected, how it may be shared, and how it may be used.[2]  (Compl. ¶ 25; Request for Judicial Notice ("RJN"), Exs. A, B.)  Nowhere on the cookie banners or the Privacy Policies do Defendants state that they will not place (or have not already placed) cookies on a visitor's device, or that it will delete any cookies already placed on a visitor's device.  (Compl. ¶

---

[1] As of September 2025, Deckers' cookie banners also provide a conspicuous link to each respective "Privacy Policy."  *See, e.g.,* www.teva.com.

[2] The California Consumer Privacy Act ("CCPA") California law does not prohibit companies from placing third-party technology on their websites or prohibit the placement of a cookie by the third-party technology.  Rather, California law only provides that a company must give consumers the ability to opt out of the collection of data by that third-party technology if it is "sold" or used for the purpose of cross-context behavioral advertising, as defined by the California Consumer Privacy Act.

STRADLING YOCCA
CARLSON & RAUTH

-10-

DEFENDANT'S MOTION TO DISMISS AND STRIKE

CASE NO. 3:25-CV-09631-JCS

1, 25.) And nowhere on the cookie banners do Defendants state that a visitor can decline all categories of cookies, such as essential cookies. (*Id.*)

### B.    Plaintiffs' Limited Allegations Regarding The Websites.

The Complaint alleges six causes of action for: (1) invasion of privacy, (2) intrusion upon seclusion, (3) wiretapping in violation of the California Invasion of Privacy Act ("CIPA"), California Penal Code § 631(a), (4) use of a pen register in violation of CIPA, California Penal Code § 638.51, (5) fraud, and (6) unjust enrichment. (Dkt. 1 at 1.) Plaintiff Willis Albrigo ("Albrigo") alleges he visited Sanuk, Ugg, and Koolaburra websites at some point "during the last four years." (Compl. ¶ 139.) Notably: (1) a cookie banner did not even exist on those websites for nearly half of that period until August 2023; (2) Deckers sold the Sanuk brand on August 15, 2024 and has not owned or operated it since; and (3) the Koolaburra website closed on March 31, 2025. (RJN at Exs. C, D, E; Compl. ¶ 1, n.1.)

Albrigo does not provide screenshots of anything he actually saw during his visits and only alleges an interaction with the cookie banners on the Sanuk, Ugg, and Koolaburra websites. (Compl. ¶¶ 139-149.) Albrigo does not identify the device(s) or browser(s) he used to visit the three websites or state whether his cookie settings were set to automatically accept some or all cookies and/or automatically delete cookies at some discrete point in time. Nor does he allege that he clicked and viewed the "Cookie Policy" conspicuously linked on each Website cookie banner. Other than clicking the cookie banners, Albrigo does not describe with specificity any of his actions taken on any of the three websites. (*Id.*) He does not describe what pages he viewed, how long he spent browsing, if he made a purchase or entered any content such as his name, email, or other information into any field, used a search bar, or sent any messages or communications through any Website. (*Id.*) He does not allege what cookies were allegedly placed or sent after he made his cookie preferences on any of the three websites or allege what information was collected by which cookie. (*Id.*) He does not allege that he has suffered any harm whatsoever from any alleged misrepresentation, other than to say that he would not have visited the free websites or "would have interacted with the Websites differently." (*Id.* at ¶ 148.) He provides no facts alleging any loss in value of any device or of his personal information.

STRADLING YOCCA
CARLSON & RAUTH

-11-

Similarly, Plaintiff Jose Ortiz ("Ortiz") alleges that he visited the Hoka website "on one or more occasions during the last four years, including in or around May 2025." (Compl. ¶ 128.) Again, a cookie banner did not exist on the Hoka website for nearly half of that period. Ortiz does not include screenshots of the cookie banners he encountered during those visits and only alleges an interaction with the Hoka banner. (*Id.* ¶¶ 128-138.) The remainder of his allegations merely echo those of Albrigo and fail to provide comparable details regarding any user content he may have entered, his device and browser settings, browsing sessions, cookies, or any alleged injury. (*Id.*) And ***strikingly, neither Plaintiff alleges to have ever even visited the Teva website***.

## III.    LEGAL STANDARDS

### A.    Motion To Dismiss

A complaint may be dismissed under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts to support a cognizable legal theory. *Deanco Healthcare, LLC v. Becerra*, 365 F. Supp. 3d 1029, 1034-35 (C.D. Cal. 2019) (*citing Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). A plausible claim requires "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Kiini LLC v. Victoria's Secret Stores Brand Mgmt.*, CV 15-8433 FMO (GJSx), 2016 U.S. Dist. LEXIS 187632, at *4 (C.D. Cal. Sep. 9, 2016) (*citing Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007)). The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Long Affair Carpet & Rug, Inc. v. Liberty Mut. Ins. Co.*, 500 F. Supp. 3d 1075, 1077 (C.D. Cal. 2020). Dismissal with prejudice is appropriate where it is clear that the complaint could not be saved by amendment. *See Kendall v. Visa USA, Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008).

### B.    Motion To Strike

Before answering a complaint, a party may move to strike any "redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). A matter is "immaterial" if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993). A matter is "impertinent" if it "do[es] not pertain, and [is] not necessary, to the issues in question." *Id.* "[T]he function of a

12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

## IV.    ARGUMENT

### A.    <u>Plaintiffs Fail To Meet The Heightened Pleading Standard of Rule 9(b).</u>

#### 1.    <u>As To All Claims</u>

All of Plaintiffs' claims are subject to—and fail to satisfy—the heightened pleading standard under Rule 9(b) for claims that "sound in fraud." *See* Fed. R. Civ. P. 9(b). As made clear in the opening allegations of the Complaint, Plaintiffs' claims are premised on alleged "outright lies" by Defendant—that Defendant falsely represented Plaintiffs could avoid tracking and data sharing while browsing the Websites, and then deliberately disregarded those preferences. (Compl. ¶ 1-2.) Where, as here, a plaintiff "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct," the pleaded claims "sound in fraud" and are each subject to the heightened pleading requirements of Rule 9(b). *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (the word "fraud" need not be used); *see also De Ayora v. Inspire Brands, Inc.*, No. 25-cv-03645-AGT, 2025 U.S. Dist. LEXIS 264583, at *9 (N.D. Cal. Dec. 22, 2025) (Tse, J.) (in nearly identical case filed by Plaintiffs' counsel, dismissing claims for invasion of privacy, intrusion upon seclusion, wiretapping, use of a pen register, fraud, and unjust enrichment for failure to meet Rule 9(b)'s heightened pleading standard)[3]; *Williams v. Facebook, Inc.*, 498 F. Supp. 3d 1189, 1200–01 (N.D. Cal. 2019) (Seeborg, J.) (applying Rule 9(b) to misrepresentation-based claims including intrusion upon seclusion and invasion of privacy claims).

Plaintiffs fall far short of satisfying Rule 9(b)'s heightened pleading standard, which requires them to "state with particularity the circumstances constituting fraud or mistake, including the who, what, when, where, and how of the misconduct charged." *Colgate v. JUUL*

---

[3] A copy of the nearly identical complaint filed by Plaintiffs' counsel in *De Ayora v. Inspire Brands, Inc.* is attached as Ex. F to the Request for Judicial Notice.

DEFENDANT'S MOTION TO DISMISS AND STRIKE

CASE NO. 3:25-CV-09631-JCS

*Labs, Inc.*, 402 F. Supp. 3d 728, 744 (N.D. Cal. 2019) (Orrick, J.).  As discussed above, the Complaint contains no specific factual allegations about **Plaintiffs' own visits** to the Websites or how they personally were defrauded by Defendant.  (*See* Compl. ¶¶ 128-29, 139-40.)  Rule 9(b) demands more than abstract or illustrative examples—it requires particularized facts showing how each named Plaintiff personally encountered and relied upon the alleged misrepresentations.  *See Pirozzi v. Apple Inc.*, 913 F. Supp. 2d 840, 850 (N.D. Cal. 2012) (Rogers, J.) (dismissing fraud-based claims where plaintiff "fail[ed] to provide the particulars of her own experience" reviewing or relying on misrepresentations).

Requiring specificity is particularly relevant and important here, where content and the nature of that content is relevant not just to any standing inquiry but also to the plausibility of the underlying claims.  Plaintiffs fail to specify when each individual visited each respective Website.  Instead, the Complaint merely alleges that Ortiz visited the Hoka Website "on one or more occasions during the last four years, including in or around April or May 2025" and Albrigo visited the Sanuk, Ugg, and Koolaburra websites at some point within the "last four years."  (Compl. ¶¶ 128, 139.)  And neither Plaintiff even alleges to have ever visited the Teva website.  Especially considering that Deckers: (1) has not owned or operated the Sanuk website since August 15, 2024 and (2) shut down the Koolaburra website in March 2025, the specifics of when Plaintiffs allegedly visited the Websites are particularly important.  Among other things, such vague allegations make it such that Deckers cannot determine whether the causes of action are time barred.  *See, e.g., Pemberton v. Rest. Brands Int'l, Inc.*, No. 25-cv-03647-JSC, 2025 U.S. Dist. LEXIS 230964, at *16 (N.D. Cal. Nov. 24, 2025) (dismissing wiretapping and use of pen register claims with one-year statutes of limitation).

Further, these vague allegations are especially problematic because the cookie banners were implemented and updated at different times across individual sites, and the Websites' code, content, and features are dynamic rather than fixed.  Without precise information regarding the timing of Plaintiffs' visits, Deckers is unable to adequately assess or respond to the claims.  *See, e.g., Boris v. Wal-Mart Stores*, Inc., 35 F. Supp. 3d 1163, 1174–75 (C.D. Cal. 2014), aff'd, 649 F. App'x 424 (9th Cir. 2016) (finding Rule 9(b) not satisfied where plaintiff failed to identify

when he viewed Wal-Mart's website or relied on its contents, which were subject to change over time); *see also Smith v. Yeti Coolers, LLC*, No. 24-cv-01703-RFL, 2025 U.S. Dist. LEXIS 54902, at \*7 (N.D. Cal. Mar. 14, 2025) (Lin, J.) (dismissing invasion of privacy claim where "without more, this conclusory allegation cannot sustain this claim").

### 2.    As To The Fraud Claim

Relatedly, the fraud cause of action fails because Plaintiffs do not allege falsity. To state a claim for fraud, Plaintiffs must allege, with specificity, (1) a misrepresentation; (2) **knowledge of falsity**; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. *Herrejon v. Ocwen Loan Servicing, LLC*, 980 F. Supp. 2d 1186, 1202 (E.D. Cal. 2013) (emphasis added). Here, the fraud claim does not allege that Deckers made any statement with knowledge of its falsity at the time that Deckers made any such statement. Consequently, Plaintiffs fail to plead an essential element for fraud, let alone with the requisite specificity.

### B.    The Complaint Fails To State A Claim For Wiretapping Under CIPA.

California Penal Code Section 631(a) prohibits a defendant from engaging in one of three activities: (1) "intentional wiretapping," (2) "willfully attempting to learn the contents or meaning of a communication in transit over a wire," or (3) using or "attempting to use or communicate information obtained as a result of engaging in either of the previous two activities." Section 631(a) also includes a fourth basis for liability, for anyone "who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the other three bases for liability." Cal. Penal Code § 631(a). And because CIPA is a penal statute, Plaintiffs must allege scienter. *See Doe I v. Google LLC*, 741 F. Supp. 3d 828, 844 (N.D. Cal. 2024) (Chhabria, J.) ("CIPA liability only extends to willful or intentional conduct.")

Although the Complaint is not entirely clear, Plaintiffs appear to assert their CIPA wiretapping claim under the fourth aiding and abetting prong. (Compl. ¶ 191.) To establish liability under this theory, Plaintiffs must first plausibly allege that a third party committed an underlying violation of one of the first three clauses of § 631(a). *See Williams v. What If Holdings, LLC*, No. C 22-03780 WHA, 2022 U.S. Dist. LEXIS 230732, at \*5-6 (N.D. Cal. Dec.

STRADLING YOCCA
CARLSON & RAUTH

22, 2022) (Alsup, J.) (holding that an aiding-and-abetting defendant's liability is "based entirely on whether [a third party] violated Section 631(a) in some way"). Here, Plaintiffs fail to allege a predicate violation under Section 631(a).

Plaintiffs cannot allege a predicate violation of the first clause of § 631(a) because it does not apply to online conduct. *See Gutierrez v. Converse Inc.,* No. 24-4797, 2025 U.S. App. LEXIS 16844, at *2 (9th Cir. July 9, 2025*)* (affirming summary judgment where no evidence the defendant "made an unauthorized connection through a telephone wire")*; Valenzuela v. Keurig Green Mountain, Inc*., 674 F.Supp.3d 751, 755 (N.D. Cal. 2023) (Corley, J.) (first clause of "Section 631(a)'s plain text does not prohibit the non-telephonic conduct"). While Plaintiffs cite cases in their Complaint purportedly applying Section 631(a) to "new technologies," (Compl. ¶ 187), these cases only apply to the **second** clause of § 631(a), not the first. *See e.g., Matera v. Google Inc.,* No. 15-CV-04062-LHK, 2016 U.S. Dist. LEXIS 107918, at *57-58 (N.D. Cal. Aug. 12, 2016) (Koh, J.).

The second clause of Section 631(a) is violated only where a third party "***reads, or attempts to read, or to learn the contents*** or meaning of any message, report, or communication ***while the same is in transit***." *Jones v. Tonal Sys.*, 751 F. Supp. 3d 1025, 1032-33 (S.D. Cal. 2024) (emphasis added); *see also Lau v. Gen. Digit. Inc*., No. 22-cv-08981-RFL, 2024 U.S. Dist. LEXIS 81310, at *5 (N.D. Cal. Apr. 3, 2024) (Lin, J.) (wiretapping concerns "the unauthorized *interception* of *communications*, not any subsequent storage and/or use") (emphasis added). Put simply, the alleged third-party eavesdropper must: (1) read or learn the content of communications; (2) while it is *en route* to the intended recipient. *See Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002). Plaintiffs fail to allege both of these essential elements.

1.    Failure To Allege That Contents Of Plaintiffs' Communications Were Read.

First, Plaintiffs have not alleged that they transmitted **any communications**, let alone communications with **contents** that could have been intercepted. *See Brodsky*, 445 F. Supp. 3d at 127 (Section 631 prohibits only the "unauthorized access of the contents of any

-16-

STRADLING YOCCA
CARLSON & RAUTH

communication"). Under CIPA, "contents" refers specifically to the intended message conveyed, not to metadata or technical details generated during transmission. *See In re Zynga Privacy Litigation*, 750 F.3d 1098, 1106 (9th Cir. 2014). Although Plaintiffs repeatedly assert that the allegedly transmitted data constitutes "Private Communications" and therefore qualifies as "content," courts have consistently held that data such as browsing history, page views, and similar information constitutes unprotected record information, and not content. *See Brodsky*, 445 F. Supp. 3d at 127 (holding text messages are content, but "usernames, passwords, and geographic location information are not"); *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1082–83 (C.D. Cal. 2021) (holding that "keystrokes, mouse clicks, pages viewed, and shipping and billing information . . . [and] the date and time of the visit, the duration of the visit, Plaintiff's IP address, her location at the time of the visit, her browser type, and the operating system on her device" are not "content" under 631(a)).

Consequently, the wiretapping claim must be dismissed. *See, e.g., Walsh v. Dollar Tree Stores, Inc.*, No. 25-cv-01601-SVK, 2025 U.S. Dist. LEXIS 204652, at *1 (N.D. Cal. Oct. 16, 2025) (Van Kuelen, J.) (dismissing wiretapping claim for failure to allege contents of communications were read).

2.    Failure To Allege "In Transit" Eavesdropping Under CIPA.

Second, Plaintiffs also fail to plausibly allege that any communication was intercepted while "in transit." As the Ninth Circuit has made clear, interception under § 631(a) requires acquisition of the communication ***during transmission***. *See Konop*, 302 F.3d at 878 ("This conclusion is consistent with the ordinary meaning of 'intercept,' which is 'to stop, seize, or interrupt in progress or course before arrival.'") The Complaint contains no factual allegations explaining how a third party acquired, let alone read or attempted to read, any of Plaintiffs' "communications" during transmission. Instead, Plaintiffs rely on conclusory assertions that an interception occurred. Courts have consistently held that such boilerplate allegations are insufficient. *See Rodriguez v. Google LLC,* No. 20-cv-04688-RS, 2022 U.S. Dist. LEXIS 13476, at *10-11 (N.D. Cal. Jan. 25, 2022) (Seeborg, C.J.) ("Using the word 'intercept' repeatedly is simply not enough without the addition of specific facts that make it plausible Google is

STRADLING YOCCA
CARLSON & RAUTH

DEFENDANT'S MOTION TO DISMISS AND STRIKE
CASE NO. 3:25-CV-09631-JCS

intercepting their data in transit."); *Rosenow v. Facebook, Inc.*, No. 19-cv-1297-WQH-MDD, 2020 U.S. Dist. LEXIS 73513, at *22 (S.D. Cal. Apr. 27, 2020) (dismissing wiretap claim where allegations of interception "in transit" were conclusory); *In re Vizio, Inc., Consumer Priv. Litig.*, 238 F. Supp. 3d 1204, 1228 (C.D. Cal. 2017) (dismissing wiretap claim because the "conclusory allegation that Vizio intercepted their electronic communications 'during transmission'" was only supported by "vague allegations about how Vizio's data collection occurs in real-time").

Without factual allegations showing that Deckers intended to intercept communications or assist others in doing so, Plaintiffs' claim cannot survive. *See, e.g., Heiting v. Taro Pharms. USA, Inc.*, 709 F. Supp. 3d 1007, 1019 (C.D. Cal. 2023) (dismissing CIPA complaint where plaintiff did "not allege facts demonstrating Defendant acted with the requisite knowledge or intent to aid and abet [a third party's] purported CIPA violation"); *see also De Ayora*, 2025 U.S. Dist. LEXIS 264583, at *19-21; *Doe*, 2025 U.S. Dist. LEXIS 207952, at *18-19.

**C.      The Complaint Fails To State A Claim For Unjust Enrichment.**

Plaintiffs' unjust enrichment claim is improper and must be dismissed with prejudice. First, California law does not recognize unjust enrichment as a standalone cause of action, as it is merely synonymous with restitution. *See Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015); *see also Hooked Media Grp. v. Apple Inc.*, 55 Cal. App. 5th 323, 336 (2020).

Second, even if construed as a quasi-contract claim for restitution—where a benefit is unjustly conferred through mistake, fraud, coercion, or request—Plaintiffs must identify the specific benefit received and retained by Defendant. *See California Crane Sch., Inc. v. Google LLC*, 722 F. Supp. 3d 1026, 1042 (N.D. Cal. 2024) (Pitts, J.).  Here, the Complaint fails to allege any such benefit; the Websites are free and publicly accessible.

Third, restitution cannot be claimed absent a sufficiently pled actionable misrepresentation. *Rojas-Lozano v. Google, Inc.*, 159 F. Supp. 3d 1101, 1120 (N.D. Cal. 2016) (Corley, M.J.).  As discussed above, Plaintiffs have not alleged fraud with the requisite particularity. "[W]ithout the other claims, plaintiffs' claim for unjust enrichment fails." *Hoey v. Sony Elecs. Inc.*, 515 F. Supp. 2d 1099, 1106 (N.D. Cal. 2007) (Whyte, J.).

Fourth, the unjust enrichment claim must be dismissed because Plaintiffs have failed to allege that they lack an adequate remedy at law. *See Bartling v. Apple Inc. (In re Apple Processor Litig.)*, No. 22-16164, 2023 U.S. App. LEXIS 24257, at *5-6 (9th Cir. Sep. 13, 2023) (affirming dismissal of equitable claims where plaintiffs failed to explain "how the money they seek through restitution is any different than the money they seek as damages"). Nothing in the Complaint indicates that Plaintiffs' legal remedies are insufficient. *See, e.g., Gilligan v. Experian Data Corp.*, No. 25-cv-02873-RFL, 2026 U.S. Dist. LEXIS 1907, at *11 (N.D. Cal. Jan. 6, 2026) (dismissing unjust enrichment claim in CIPA case where "Plaintiffs have failed to allege that they lack an adequate remedy at law"); *Selby v. Sovrn Holdings, Inc.,* No. 25-cv-03139-RFL, 2025 U.S. Dist. LEXIS 205538, at *1 (N.D. Cal. Oct. 16, 2025) (same); *Marden v. LMND Med. Grp., Inc.*, No. 23-cv-03288-RFL, 2024 U.S. Dist. LEXIS 132292, at *16 (N.D. Cal. July 3, 2024) (dismissing unjust enrichment claim in CIPA case where "unjust enrichment claim is inadequately pled").

### D.      The Allegations Regarding Sanuk Must Be Stricken Because They Are Immaterial And Impertinent.

Of the two named Plaintiffs, Albrigo is the only plaintiff who alleges to have visited the Sanuk website. The Sanuk website, however, has not been under Deckers' control since August 15, 2024 when the Sanuk brand was acquired by Lole Brands. (RJN, Ex. C.) As such the CIPA claims, which have one-year statutes of limitation, have expired because Plaintiffs did not file the complaint until November 7, 2025, which is more than a year after August 15, 2024.[4] *See Brodsky*, 445 F. Supp. 3d at 136. And to the extent that any claims are not barred by the statute of limitations, Albrigo's claims are against Lole Brands who owns and operates the Sanuk website—not Deckers. As such, the allegations concerning Sanuk (Compl. ¶¶ 1, 23, 32(c), 33, 51, 55, 77, 83, 100, 105, 117, 139) are immaterial, impertinent, and must be stricken. *See, e.g., Lawson v. GE*, No. 15-cv-02384-TEH, 2015 U.S. Dist. LEXIS 160362, at *4 (N.D. Cal. Nov. 30, 2015) (granting motion to strike portion of complaint "as immaterial and impertinent"); *Malibu*

---

[4] In the event that the Court declines to strike the allegations regarding Sanuk, the Court should dismiss the CIPA claims (claims 3 and 4) as they relate to Sanuk because they are time-barred.

STRADLING YOCCA CARLSON & RAUTH

DEFENDANT'S MOTION TO DISMISS AND STRIKE

CASE NO. 3:25-CV-09631-JCS

*Media, LLC v. Tashiro*, No. 1:13-cv-205-WTL-MJD, 2013 U.S. Dist. LEXIS 125897, at *9 (S.D. Ind. Sep. 4, 2013) (granting motion to strike allegations concerning products not owned by defendant as immaterial).

**V.    CONCLUSION**

For these reasons, Deckers respectfully requests that the Court dismiss the Complaint with prejudice and strike all allegations concerning Sanuk from the Complaint (Compl. ¶¶ 1, 23, 32(c), 33, 51, 55, 77, 83, 100, 105, 117, 139).

DATED:  February 9, 2026                    STRADLING YOCCA CARLSON &
                                            RAUTH LLP


                                            By:    */s/ Travis P. Brennan*
                                                   Travis P. Brennan
                                                   Sean Thomas Lobb

                                                   Attorneys for Defendant
                                                   DECKERS OUTDOOR CORP.

-20-

DEFENDANT'S MOTION TO DISMISS AND STRIKE
CASE NO. 3:25-CV-09631-JCS