TRAVIS P. BRENNAN, State Bar No. 238119
tbrennan@stradlinglaw.com
SEAN THOMAS LOBB, State Bar No. 324213
stlobb@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH LLP
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: (949) 725-4000
Fax: (949) 725-4100

Attorneys for Defendant
DECKERS OUTDOOR CORP.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

JOSE ORTIZ and LAURA WILLIS ALBRIGO, individuals, on behalf of themselves, the general public, and those similarly situated,

Plaintiff,

vs.

DECKERS OUTDOOR CORP.,

Defendant.

Case No. 3:25-cv-09631-RFL
Assigned to Hon. Rita F. Lin

**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS AND STRIKE THE CLASS ACTION COMPLAINT**

[*Filed concurrently with Defendant's Notice of Motion and Motion to Dismiss and Strike the Class Action Complaint*]

Hearing:
Date: March 24, 2026
Time: 10:00 a.m.
Location: Phillip Burton Federal Building
Courtroom 15 – 18th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Complaint Filed: November 7, 2025
Trial Date: N/A

Under Federal Rule of Evidence 201, Defendant Deckers Outdoor Corp. ("Deckers") respectfully requests that the Court take judicial notice of the following documents:

1. Attached as **Exhibit A** is a true and correct copy of Deckers' Cookies Policy, available on Deckers' website at https://www.deckers.com/cookies-policy, as well as at https://www.ugg.com/cookies-policy.html, https://www.hoka.com/en/us/cookies-policy.html, and https://www.teva.com/cookies-policy.html.

2. Attached as **Exhibit B** is a true and correct copy of Deckers' Privacy Policy, available on Deckers' website at https://www.deckers.com/privacy-policy, as well as at https://www.hoka.com/en/us/privacy-policy.html, https://www.ugg.com/privacy-policy.html, and https://www.teva.com/privacy-policy.html.

3. Attached as **Exhibit C** is a true and correct copy of a capture of the Deckers' Cookies Policy from June 4, 2023, available on the Wayback Machine Internet Archive at https://web.archive.org/web/20230604074246/https://www.deckers.com/cookies-policy.

4. Attached as **Exhibit D** is a true and correct copy of an August 15, 2024 Yahoo Finance article regarding the sale of Sanuk from Deckers to Lole Brands, available at https://finance.yahoo.com/news/deckers-sells-sanuk-canadian-active-140000241.html.

5. Attached as **Exhibit E** is a true and correct copy of the Koolaburra website, available at https://www.koolaburra.com/.

6. Attached here as **Exhibit F** is a true and correct copy of the August 18, 2025 complaint filed by Plaintiffs' counsel in the case of *De Ayora v. Inspire Brands, Inc.*, No. 25-cv-03645-AGT, 2025 U.S. Dist. LEXIS 264583 (N.D. Cal. Dec. 22, 2025).

Federal Rule of Evidence 201(b) provides that a judicially noticed fact must be one "not subject to reasonable dispute" because it is either (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be readily questioned. Fed. R. Evid. 201(b). Courts have shown a willingness to take judicial notice of cookie and privacy policies. "[W]ebsites and their contents may be proper subjects for judicial notice" provided that the party submits a copy of the relevant webpage to the court." *Lakes v. Ubisoft, Inc.*, 777 F. Supp. 3d 1047, 1053 (N.D. Cal. 2025) (Thompson, J.) (granting judicial notice of documents and screenshots publicly available on Defendant's website including Defendant's "Privacy Policy,[] Cookies Settings, []Website Cookies Banner and related screens, as well as screens showing the account creation and purchase process"); *see also D'Angelo v. FCA US, LLC*, 726 F.Supp.3d 1179, 1190 (S.D. Cal. 2024) (in class action by website users against website operator alleging violation of the California Invasion of Privacy Act, court took judicial notice of two versions of website's privacy policy, screenshots of website's homepage and initial cookie disclosure, and screenshots of website's chat feature icon and chat feature initial prompt, holding that existence of privacy policies and webpages were judicially noticeable facts since they appeared on publicly available websites and their authenticity could not be reasonably questioned). Thus, judicial notice of **Exhibit A - E** is proper because they are privacy policies, cookies policies, and websites that are publicly available and whose authenticity is not subject to reasonable dispute. Fed. R. Evid. 201(b)(2). Further, judicial notice of **Exhibit F** is proper because the Court may properly take judicial notice of documents on file in federal or state courts as "undisputed matters of public record." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

In ruling on a Motion to Dismiss, a court may consider documents attached to the complaint, documents incorporated by reference in a complaint, or documents subject to judicial notice. *Evans v. McCoy-Harris*, No. CV 17-8345-DMG (AGRx), 2019 U.S. Dist. LEXIS 42744, at *3 (C.D. Cal. Jan. 4, 2019) (citing *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)); *see also In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014). The Court may "consider documents that are incorporated by reference but not physically attached to the complaint if they

are central to plaintiffs' claim and no party questions their authenticity." *Viggiano v. Hansen Natural Corp*., 944 F. Supp. 2d 877, 882 (C.D. Cal. 2013) (citing *Marder v. Lipez*, 450 F.3d 445, 448 (9th Cir. 2006); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (taking judicial notice of documents incorporated by reference in plaintiff's operative complaint when authenticity not questioned).

For these reasons, Deckers respectfully requests that the Court take judicial notice of **Exhibits A-F** attached to this request for judicial notice.

DATED: February 9, 2026

STRADLING YOCCA CARLSON & RAUTH LLP

By: */s/ Travis P. Brennan*
Travis P. Brennan
Sean Thomas Lobb

Attorneys for Defendant
DECKERS OUTDOOR CORP.