GUTRIDE SAFIER LLP
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Todd Kennedy (State Bar No. 250267)
todd@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ORTIZ and LAURA WILLIS ALBRIGO, as individuals, on behalf of themselves, the general public, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DECKERS OUTDOOR CORP.,<br><br>Defendant. | Case No. 3:25-cv-09631-RFL<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE<br><br>Hon. Rita F. Lin<br>Date: March 24, 2026<br>Time: 10:00 AM<br>Location: San Francisco, Crtrm 18, 15th Fl. |

## I. INTRODUCTION

Defendant Deckers Outdoor Corp.'s ("Deckers") Request for Judicial Notice improperly seeks to introduce evidence outside of the Complaint—effectively asking this Court to convert its motion to dismiss and motion to strike into a motion for summary judgment, and providing the latest example of what the Ninth Circuit has deemed a "concerning pattern." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Unhappy with its chances of defeating the complaint on its own terms, Deckers "pile[s] on numerous documents to [its] motion to dismiss" by "exploiting" the judicial notice and the incorporation-by-reference doctrines "to undermine the complaint, and hopefully dismiss the case at an early stage." *Id*. "Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Id*. Accordingly, due to the "overuse and improper application of judicial notice and the incorporation-by-reference doctrine" the Ninth Circuit in *Khoja* clarified when it was appropriate to take notice of facts in documents. *Id*. at 999. Here, Decker's request for judicia notice is inconsistent with the Ninth Circuit's guidance. Not only does Deckers fail to properly authenticate the documents for which it seeks judicial notice, Deckers offers nearly all of these documents to try to establish disputed facts at the pleading stage, which is categorically improper.

This Court should therefore deny Deckers' request.

## II. ARGUMENT

"Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc*., 284 F.3d 977, 980 (9th Cir. 2002). Judicial notice under Rule 201, however, permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). The party requesting notice carries the burden of showing that the fact is a matter of common knowledge or that the accuracy of the source cannot be reasonably questioned. *Id*. A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id*. at (b)(1)-(2).

Although a court may take judicial notice of matters of public record under Rule 201, "a court cannot take judicial notice of disputed facts contained in such public records." *Khoja*, 899 F.3d at

999. The rule is consistent "with the prohibition against resolving factual disputes at the pleading stage." *Khoja* at 1003. Finally, "where a document is unnecessary or irrelevant to a court's decision, the court need not take judicial notice." *Ramachandran v. City of Los Altos*, No. 18-cv-01223-VKD, 2024 U.S. Dist. LEXIS 136561, at *11 (N.D. Cal. Aug. 1, 2024).

A court may, however, consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). In so doing, the Court must evaluate if "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

"It is improper to juidicial[ly] notice [a document] when the substance of the [document] is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes." *Landrum v. Mercedes-Benz Fin. Servs. USA LLC*, 2024 U.S. Dist. LEXIS 241375, at *8 (C.D. Cal. Oct. 30, 2024) (refusing to take judicial notice of disputed contract) (citing *Khoja*, 899 F.3d at 1000); *see also Taylor v. Deutsche Bank Nat'l Tr. Co.*, 727 F. App'x 241, 243 (9th Cir. 2018) ("Because the [plaintiffs] challenged the authenticity of the [document] proffered by [defendant], the District Court erred in taking judicial notice of it."). Also, incorporation by reference is not warranted "if the document merely creates a defense to the well-pleaded allegations." *Khoja*, 899 F.3d at 1002.

Here, Deckers asks this Court to judicially notice six documents: Deckers' Cookie Policy (Exhibit A), Deckers' Privacy Policy (Exhibit B), a Wayback Machine "capture of the Deckers' Cookies Policy from June 4, 2023" (Exhibit C), "an August 15, 2024 Yahoo Finance article regarding the sale of Sanuk from Deckers to Lole Brands" (Exhibit D), a "copy of the Koolaburra website" (Exhibit E), and a "copy of the August 18, 2025 complaint filed by Plaintiffs' counsel in the case of *De Ayora v. Inspire Brands, Inc.*, No. 25-cv-03645-AGT, 2025 U.S. Dist. LEXIS 264583 (N.D. Cal. Dec. 22, 2025)" (Exhibit F) (see Deckers' RJN at 2). For the reasons below, Exhibits A through E are not subject to judicial notice.

**A. Deckers' Exhibits A, B, and E Are Not Properly Authenticated.**

Deckers did not properly authenticate Exhibits A, B, and E, identifying the dates those policies and webpages appeared online in the forms attached, supported by a person with knowledge of those facts. *See* Fed. R. Evid. 901(b)(1) (testimony of a witness with knowledge); Fed. R. Evid. 101 (Federal Rules of Evidence apply in all proceedings before the United States courts); *United States v. Dibble*, 429 F.2d 598, 602 (9th Cir. 1970) ("A writing is not authenticated simply by attaching it to an affidavit . . . The foundation is laid for a receiving a document in evidence by the testimony of a witness with personal knowledge."). Instead, Deckers simply provided an attorney declaration stating that those exhibits are copies of webpages/documents available at particular URLs, *without indicating any dates*. ECF No. 19 ("RJN") ¶¶ 1, 2, & 5. Deckers then refers to these exhibits in order to dispute Plaintiff's allegations and claims, concerning conduct over a multi-year time period. *See* ECF No. 18 at 10-11. Because Deckers failed to properly authenticate these exhibits for that purpose, the Court should deny Decker's request for judicial notice of these documents. *See Landis v. Lionbridge Techs., LLC*, No. 2:24-cv-07494-MRA-MAR, 2025 U.S. Dist. LEXIS 146452, at *10 (C.D. Cal. July 29, 2025) (screenshots of webpages were undated and not sufficiently authenticated); *Friedman v. Mercedes Benz USA LLC*, No. CV 12-7204 GAF (CWX), 2013 U.S. Dist. LEXIS 191915, at *6 (C.D. Cal. Apr. 9, 2013) (denying RJN for website where it was not properly authenticated); *Brown v. Hain Celestial Grp., Inc.*, 913 F. Supp. 2d 881, 893 (N.D. Cal. 2012) (denying RJN on several grounds, including on the ground that plaintiffs made an authenticity objection and "that generally is dispositive").

**B. Deckers' Exhibit B is Not Referenced in the Complaint.**

Deckers' Privacy Policy ("Exhibit B") is not judicially noticeable for the additional reason that the Privacy Policy is not referenced in the Complaint—either explicitly *or* by "incorporation." *See generally* CAC. In particular, there is no allegation that Plaintiffs assented to—or even saw—the Privacy Policy at all. *See, e.g.,* CAC ¶ 1 (the cookie consent banner does not contain a hyperlink to the Privacy Policy). Accordingly, Exhibit B fails the first necessary step of *Marder v. Lopez*; "the complaint [does not] refer to the document." 450 F.3d at 448. Deckers attempts to improperly bring the Privacy Policy into this case by lumping it together with the Cookie Policy, claiming that "[t]he linked Cookie Policy and Privacy Policy informs visitors that Deckers use cookies on the Websites,

informs them of the categories of information Deckers may collect, how it is collected, how it may be shared, and how it may be used." MTD at 10. But unlike the Cookie Policy—which is referenced in the cookie consent banner (*see* CAC ¶ 1 (referencing the Cookie Policy in underlined hyperlink next to Deckers' "Manage Preferences" button))—the Privacy Policy is not referenced *at all* in the cookie consent banner, nor is it referenced in Deckers' "Storage Preferences" window (*see* CAC ¶ 27).

**C. Deckers' Exhibit C is Not Judicially Noticeable.**

Deckers proffers Exhibit C—described as "a capture of the Deckers' Cookies Policy from June 4, 2023, available on the Wayback Machine Internet Archive" (RJN at 2)—for the conclusion that "a cookie banner did not even exist on [the Sanuk, Ugg, and Koolaburra] websites for nearly half of [the relevant] period until August 2023." MTD at 11. But there is no declaration from a person with knowledge to support that allegation. Even if this Court recognized Exhibit C as an accurate "capture of the Deckers' Cookies Policy" on June 4, 2023 (RJN at 2), the Court *cannot* judicially notice that screenshot for the conclusion that the cookie banners did or did not exist for a particular time period. Not only does one screenshot, of a moment in time, fail to provide evidence of what was true for a lengthy period of time (particularly in the absence of any accompanying testimony), but it is also unclear what actions the person taking the screenshot took and whether the functioning of the archived page is exactly the same, with respect to the cookie banner, as how the live page functioned on June 4, 2023. "[A] court cannot take judicial notice of disputed facts[,]" *Khoja*, 899 F.3d at 999, because that would conflict "with the prohibition against resolving factual disputes at the pleading stage," *id.* at 1003. Accordingly, the Court should deny Deckers' request to take judicial notice of Exhibit C as evidence of the period(s) of time when cookie banners were presented on the Websites.

**D. Exhibit D Is Not Subject to Judicial Notice to Establish a Sale.**

Deckers seeks judicial notice of "an August 15, 2024 Yahoo Finance article regarding the sale of Sanuk from Deckers to Lole Brands" ("Exhibit D"). RJN ¶ 4. This document and transaction are not referenced in the Complaint. *See generally* CAC. Rather, Deckers relies on this document in an improper attempt to "short-circuit the resolution of a well-pleaded claim." *In re Facebook, Inc. Secs.*

*Litig.*, 405 F. Supp. 3d 809, 830 (N.D. Cal. 2019). The Court should not permit this improper use of judicial notice, and deny Deckers' request accordingly.

Finally, Deckers does not ask the Court to notice Exhibit D simply to establish that a copy of this article appeared online—but for Deckers' *own* factual assertions that "Deckers sold the Sanuk brand on August 15, 2024 and has not owned or operated it since; and [] the Koolaburra website closed on March 31, 2025." MTD at 11. But "it is improper to take judicial notice of a fact 'simply because it appears on a publicly available website, regardless of who maintains the website or the purpose of the document reflecting the fact.'" *Landis*, 2025 U.S. Dist. LEXIS 146452, at *10 (quoting *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1032 (N.D. Cal. 2018)). Judicial notice of Exhibit D to establish an actual sale, and associated liability, is thus not warranted.

## III. CONCLUSION

For the foregoing reasons, Deckers' Request for Judicial Notice of Exhibit A through E must be denied.

Dated: February 23, 2026

**GUTRIDE SAFIER LLP**

*/s/ Seth A. Safier*

Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Todd Kennedy (State Bar No. 250267)
todd@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*