TRAVIS P. BRENNAN, State Bar No. 238119
  tbrennan@stradlinglaw.com
SEAN THOMAS LOBB, State Bar No. 324213
  stlobb@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH LLP
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: (949) 725-4000
Fax: (949) 725-4100

Attorneys for Defendant
DECKERS OUTDOOR CORP.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ORTIZ and LAURA WILLIS ALBRIGO, individuals, on behalf of themselves, the general public, and those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DECKERS OUTDOOR CORP.,<br><br>Defendant. | Case No. 3:25-cv-09631-RFL<br>Hon. Rita F. Lin<br><br>**DEFENDANT DECKERS OUTDOOR CORP.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND STRIKE THE CLASS ACTION COMPLAINT**<br><br>Hearing Date: March 24, 2026<br>Time:          10:00 a.m.<br>Location:    Phillip Burton Federal Building<br>               Courtroom 15 – 18th Floor<br>               450 Golden Gate Avenue<br>               San Francisco, CA 94102<br><br>Complaint Filed:       November 7, 2025 |

STRADLING YOCCA
CARLSON & RAUTH

-1-

**<u>TABLE OF CONTENTS</u>**

**Page**

I.    INTRODUCTION ........................................................................................................5

II.   ARGUMENT ..............................................................................................................6

      A.    Plaintiffs' Allegations Fail To Satisfy Rule 9(b) ...................................................6

      B.    Plaintiffs' CIPA Claim For Wiretapping Fails .......................................................9

      C.    Plaintiffs' Concede That Their Unjust Enrichment
            Claim Fails As A Matter Of Law..........................................................................10

      D.    Plaintiffs' Allegations Regarding Sanuk Must Be Stricken .............................11

      E.    The Complaint Should Be Dismissed With Prejudice........................................12

III.  CONCLUSION...........................................................................................................13

STRADLING YOCCA
CARLSON & RAUTH

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Bartling v. Apple Inc. (In re Apple Processor Litig.)*,
No. 22-16164, 2023 U.S. App. LEXIS 24257 (9th Cir. Sep. 13, 2023) ..................................11

*Boris v. Wal-Mart Stores, Inc.*,
35 F. Supp. 3d 1163 (C.D. Cal. 2014), aff'd, 649 F. App'x 424 (9th Cir. 2016) .....................8

*Brodsky v. Apple Inc.*,
445 F. Supp. 3d 110 (N.D. Cal. 2020) .....................................................................................9

*De Ayora v. Inspire Brands, Inc.*,
No. 25-cv-03645-AGT, 2025 U.S. Dist. LEXIS 264583 (N.D. Cal. Dec. 22,
2025) ................................................................................................................................5, 7, 8

*Doe v. Eating Recovery Ctr. LLC*,
806 F. Supp. 3d 1109 (N.D. Cal. 2025) .................................................................................10

*Gabrielli v. Motorola Mobility LLC*,
No. 24-cv-09533-JST, 2025 U.S. Dist. LEXIS 133836 (N.D. Cal. July 14,
2025) .........................................................................................................................................7

*Garrison v. United States Judicial Comm'n*,
No. 25-cv-00866-EKL, 2025 U.S. Dist. LEXIS 264594 (N.D. Cal. Dec. 22,
2025) .......................................................................................................................................12

*Gilligan v. Experian Data Corp.*,
No. 25-cv-02873-RFL, 2026 U.S. Dist. LEXIS 1907 (N.D. Cal. Jan. 6, 2026) .....................11

*Jackson v. LinkedIn Corp.*,
744 F. Supp. 3d 986 (N.D. Cal. 2024) ...................................................................................10

*Kendall v. Visa USA, Inc.*,
518 F.3d 1042 (9th Cir. 2008) ...............................................................................................12

*Konop v. Hawaiian Airlines, Inc.*,
302 F.3d 868 (9th Cir. 2002) .................................................................................................10

*Lawson v. GE*,
No. 15-cv-02384-TEH, 2015 U.S. Dist. LEXIS 160362 (N.D. Cal. Nov. 30,
2015) .......................................................................................................................................11

*Leramo v. Premier Anesthesia Med. Group*,
Case No. CV F 09-2083 LJO JTL, 2010 U.S. Dist. LEXIS 79418 (E.D. Cal.
Aug. 6, 2010) .........................................................................................................................12

STRADLING YOCCA
CARLSON & RAUTH

TABLE OF AUTHORITIES
CASE NO. 3:25-CV-09631-RFL

*Mikulsky v. Bloomingdale's, LLC*,
    713 F. Supp. 3d 833 (S.D. Cal. 2024)........................................................................10

*Neubronner v. Milken*,
    6 F.3d 666 (9th Cir. 1993) ........................................................................................7

*Selby v. Sovrn Holdings, Inc.*,
    No. 25-cv-03139-RFL, 2025 U.S. Dist. LEXIS 205538 (N.D. Cal. Oct. 16,
    2025) ..........................................................................................................................11

*Smith v. Yeti Coolers, LLC*,
    No. 24-cv-01703-RFL, 2025 U.S. Dist. LEXIS 54902 (N.D. Cal. Mar. 14,
    2025) (Lin, J.) ............................................................................................................9

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ..................................................................................6

*Williams v. Facebook, Inc.*,
    498 F. Supp. 3d 1189 (N.D. Cal. 2019) ....................................................................6

*Williams v. What If Holdings, LLC*,
    No. C 22-03780 WHA, 2022 U.S. Dist. LEXIS 230732 (N.D. Cal. Dec. 22,
    2022) ..........................................................................................................................9

*Yoon v. Lululemon USA, Inc.*,
    549 F. Supp. 3d 1073 (C.D. Cal. 2021) ....................................................................9

**California Cases**

*Fox v. Ethicon Endo-Surgery, Inc.*,
    35 Cal. 4th 797 (2005) .............................................................................................12

**California Statutes**

Cal. Invasion of Privacy Act, Cal. Penal Code
    §§ 630–638.55................................................................................................9, 10, 11, 12

**Other Authorities**

Fed. R. Civ. P. 9(b) ............................................................................................... *passim*

Stradling Yocca
Carlson & Rauth

TABLE OF AUTHORITIES
CASE NO. 3:25-CV-09631-RFL

## I.   **<u>INTRODUCTION</u>**

Plaintiffs Jose Ortiz and Laura Willis Albrigo's (collectively, "Plaintiffs") Opposition ("Opposition") fails to confront the fundamental pleading deficiencies in their Complaint as identified in Defendant Deckers Outdoor Corp.'s ("Deckers") Motion to Dismiss and Strike ("Motion"). Rather than identify specific factual allegations about their own experiences with each of the five websites at issue (hoka.com, ugg.com, koolaburra.com, teva.com, and sanuk.com) (collectively "Websites") and the alleged misrepresentations—which they cannot— Plaintiffs rely on generalized and conclusory assertions and overstated holdings of inapposite case law. Strikingly, Plaintiffs even admit that the Complaint does not allege that either Plaintiff *ever even visited one of the five websites*. Yet, Plaintiffs expect the Court to sweep these glaring deficiencies under the rug.

Tellingly, the Opposition does not address whatsoever the recent case of *De Ayora v. Inspire Brands, Inc.*, No. 25-cv-03645-AGT, 2025 U.S. Dist. LEXIS 264583, at \*26 (N.D. Cal. Dec. 22, 2025), which the Motion repeatedly cited to and even attached the complaint from that case as Ex. F to Deckers' Request for Judicial Notice. In that nearly identical case filed by Plaintiffs' counsel, where the plaintiffs alleged that the defendants made "outright lies" by placing cookies on the plaintiffs' devices despite the plaintiffs selecting the option to disable cookies, Judge Tse dismissed claims for invasion of privacy, intrusion upon seclusion, wiretapping, use of a pen register, fraud, and unjust enrichment for failure to meet Rule 9(b)'s heightened pleading standard. This Court should follow the well-reasoned opinion of Judge Tse.

Plaintiffs' Complaint fails to satisfy Rule 9(b)'s heightened pleading standard, and in any event fails to state a claim against Deckers. Accordingly, each cause of action should be dismissed with prejudice. Further, all allegations in the Complaint regarding Sanuk must be stricken because they are immaterial. Plaintiffs do not dispute that Deckers has not owned or operated the Sanuk.com website since August 15, 2024 when Deckers sold the brand to another company.

## II.    ARGUMENT

### A.    Plaintiffs' Allegations Fail To Satisfy Rule 9(b).

The Ninth Circuit has long held that when a plaintiff "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct," the pleaded claims "sound in fraud," even if fraud is not a necessary element, and all such claims are subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b).  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003).  In fact, courts routinely apply Rule 9(b) to invasion of privacy claims. *See e.g., Williams v. Facebook, Inc.*, 498 F. Supp. 3d 1189, 1200-01 (N.D. Cal. 2019) (applying Rule 9(b) to misrepresentation-based claims, including common law privacy claims).

Tellingly, Plaintiffs half-heartedly argue in a footnote that the heightened pleading requirements of Rule 9(b) "apply only to plaintiffs' common law fraud claim."  (Opp. at 4.)  But here, Plaintiffs' remaining claims for invasion of privacy, intrusion upon seclusion, wiretapping, use of a pen register, and unjust enrichment are all predicated on claims of fraud or misrepresentation—walking Plaintiffs directly into an application of Rule 9(b).  Plaintiffs' entire Complaint (and Opposition) proceeds from the premise that Plaintiffs suffered privacy harms when they relied on Deckers' purported misrepresentations that certain data would not be collected.  *See e.g.*, Compl., ¶ 2 ("But, Defendant's promises are outright lies, designed to lull users into a false sense of security."); Opp. at 6:8-10 (CM/ECF pagination used throughout) ("Defendant further promises that, rather than just accepting cookies, users 'have the option of disabling certain types of cookies' on the Websites. But Defendant's representations were false"); *id.* at 6:18-19 ("This conduct is a highly offensive violation of Plaintiffs' privacy rights and deceptive").  Plaintiffs cannot have it both ways.  They cannot avoid Rule 9(b)'s heightened pleading standard while simultaneously basing all of their claims on Deckers' alleged misrepresentations.

As a backstop, Plaintiffs contend that their vague, generalized allegations satisfy Rule 9(b)'s heightened pleading standard by asserting the "who, what, where, and how" of Deckers' purported misrepresentations.  (*See* Opp. at 12.)  But Plaintiffs fail to confront Deckers' central point: the Complaint lacks specific factual allegations detailing how Plaintiffs themselves were

supposedly defrauded. Rule 9(b) requires more than abstract or illustrative examples—it demands particularized facts showing how each named plaintiff encountered and relied upon the alleged misrepresentation. And Plaintiffs' reliance on *Gabrielli v. Motorola Mobility LLC*, No. 24-cv-09533-JST, 2025 U.S. Dist. LEXIS 133836, at *1 (N.D. Cal. July 14, 2025) ("*Motorola*") does not show otherwise. (Opp. at 6-7.) *Motorola* involved one website only. 2025 U.S. Dist. LEXIS 133836, at *1. Here, Plaintiffs fail to specify when each of them visited each of the five Websites identified in their Complaint. Instead, the Opposition concedes that the Complaint merely alleges that Albrigo visited the Sanuk, Ugg, and Koolaburra websites at some point within the "last four years" and Ortiz visited the Hoka Website "on one or more occasions during the last four years, including in or around April or May 2025." (Compl. ¶¶ 128, 139.) And as the Opposition concedes, ***neither Plaintiff even alleges to have ever visited the Teva website***. (Opp. at 9 n.5.)

Strikingly, Plaintiffs fail to even identify an actual misrepresentation made by Deckers to Plaintiffs; all they allege is that Deckers asked what their "preferences" were with regard to non-essential cookies and ultimately did not follow all of Plaintiffs' preferences. (Comp. ¶ 25-27; Opp. 9-10.)[1] Nor does the fraud claim actually allege that Deckers made any statement with knowledge of its falsity at the time that Deckers made any such statement. This complete lack of specificity fails to "give [D]efendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993). Absent the critical details identified, Plaintiffs have not met the particularity requirement of Rule 9(b).

As discussed above, *De Ayora* is directly on point but is completely ignored by the Opposition. Plaintiffs falsely contend that Deckers does not "mention any other case decided in this context—*i.e.*, where a defendant falsely promised not to track website visitors or sell or

---

[1] Acknowledging the lack of an actual misrepresentation pled, the Opposition attempts to reframe the allegations, arguing that "Defendant did not honor Plaintiffs' or other users' choices." (Opp. at 11:14-15.) Deckers, however, never offered Plaintiffs "choices." Instead, as displayed in the cookie banner in the Complaint, Deckers allowed Plaintiffs to indicate their "preferences" for cookies. (Compl. ¶ 1.)

STRADLING YOCCA
CARLSON & RAUTH

-7-

REPLY IN SUPPORT OF MOTION TO DISMISS AND STRIKE
CASE NO. 3:25-CV-09631-RFL

share their personal information and did so anyway." (Opp. at 7:3-5.) *De Ayora* is exactly that case. Plaintiffs' counsel represented the plaintiffs in *De Ayora*, and Deckers has attached a copy of the complaint from that case for the Court's convenience so the Court can see the nearly identical nature of the claims asserted there. (RJN, Ex. F.)[2] In *De Ayora*, the plaintiffs asserted claims for invasion of privacy, intrusion upon seclusion, wiretapping, use of a pen register, fraud, and unjust enrichment, alleging that the defendants made "outright lies" by placing cookies on the plaintiffs' devices despite the plaintiffs selecting the option to disable cookies. 2025 U.S. Dist. LEXIS 264583, at *8-10. Judge Tse dismissed all of those claims, however, for failure to meet Rule 9(b)'s heightened pleading standard, holding:

> Plaintiffs seek to hold Defendants liable for what Plaintiffs term "outright lies." Dkt. 35 ¶ 2. Plaintiffs claim that Defendants presented a pop-up cookie banner which ostensibly allowed users to decline all cookies on Defendants' websites. *Id.* ¶ 1. But even for users who declined all cookies, Defendants caused third-parties to place cookies that track users' interactions with the websites. *Id.* ¶ 2. Plaintiffs all allege clicking decline and being tracked anyway. *Id.* ¶¶ 108-140. **It is this alleged deception which forms the backbone for all of Plaintiffs' claims, and therefore the Court finds that the nature of the averred conduct sounds in fraud.** Plaintiffs' claims are subject to Rule 9(b).

*Id.* (emphasis added). The court held that the plaintiffs vaguely pleading that they visited the websites at sometime within a four-year period failed to comply with Rule 9(b), particularly given "that the cookie banners were changed during the accused period." *Id.* *10-11.

As in *De Ayora*, Deckers' alleged deception here forms the backbone of all of Plaintiffs' claims. And as detailed in the Motion, the Complaint's vague allegations are especially problematic because: (1) the cookie banners were implemented and updated at different times across individual sites, and the Websites' code, content, and features are dynamic rather than fixed; (2) Deckers has not owned or operated the Sanuk website since August 15, 2024; and (3) Deckers shut down the Koolaburra website in March 2025. (Mot. at 14.) Without precise information regarding the timing of Plaintiffs' visits, Deckers is unable to adequately assess or respond to the claims. *See, e.g., Boris v. Wal-Mart Stores*, Inc., 35 F. Supp. 3d 1163, 1174–75 (C.D. Cal. 2014), aff'd, 649 F. App'x 424 (9th Cir. 2016) (finding Rule 9(b) not satisfied where

---

[2] Plaintiffs do not oppose the Court taking judicial notice of Ex. F. (Dkt. No. 22 at 6.)

STRADLING YOCCA
CARLSON & RAUTH

-8-

REPLY IN SUPPORT OF MOTION TO DISMISS AND STRIKE
CASE NO. 3:25-CV-09631-RFL

plaintiff failed to identify when he viewed Wal-Mart's website or relied on its contents, which were subject to change over time); *see also Smith v. Yeti Coolers, LLC*, No. 24-cv-01703-RFL, 2025 U.S. Dist. LEXIS 54902, at *7 (N.D. Cal. Mar. 14, 2025) (Lin, J.) (dismissing invasion of privacy claim where "without more, this conclusory allegation cannot sustain this claim"). Accordingly, all of Plaintiffs' claims must be dismissed for failure to comply with Rule 9(b).

### B.    Plaintiffs' CIPA Claim For Wiretapping Fails.

Plaintiffs concede that Deckers is not directly liable for violating Section 631(a) and instead attempt to advance their California Invasion of Privacy Act ("CIPA") wiretapping claim through the aiding and abetting prong. (Opp. at n.7.) However, Plaintiffs fail to sufficiently allege an underlying predicate violation by a third party, which is required to state their claim. *Williams v. What If Holdings, LLC*, No. C 22-03780 WHA, 2022 U.S. Dist. LEXIS 230732, at *5-6 (N.D. Cal. Dec. 22, 2022) (holding aiding and abetting liability is "based entirely on whether [a third party] violated Section 631(a) in some way"). In sum, the Complaint does not establish that a third party "read[], or attempt[ed] to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit." The arguments advanced by Plaintiffs in their Opposition entirely miss the point.

First, Plaintiffs contend they need not plead the exact communications with the Websites, only that the content was more than record information. (Opp. at 19.) Yet, even assuming a communication is even alleged, the vague data identified in the Complaint—such as browsing history, page views, etc. (Compl. ¶¶ 31, 111)—constitutes unprotected "record information," not content. *See Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 127 (N.D. Cal. 2020) (finding text messages are content, but "user names, passwords, and geographic location information are not"); *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1082-83 (C.D. Cal. 2021) (holding "keystrokes, mouse clicks, pages viewed, and shipping and billing information ... [and] the date and time of the visit, the duration of the visit, Plaintiff's IP address, her location at the time of the visit, her browser type, and the operating system on her device" are not "content" under 631(a)). Plaintiffs attempt to salvage their claim by asserting that "user input data"—such as search queries, names, demographic details, email addresses, locations, or payment information—

STRADLING YOCCA
CARLSON & RAUTH

-9-

qualifies as the content of a communication under Section 631(a).  (Opp. at 19.)  But even assuming such data could constitute content, Plaintiffs do not allege that they personally entered any of this information on the Websites.  Plaintiffs' remaining generalized allegations fall far short.  *See Mikulsky v. Bloomingdale's, LLC*, 713 F. Supp. 3d 833, 845 (S.D. Cal. 2024) (dismissing Section 631(a) claim where plaintiff alleged only that her "interactions" were intercepted without identifying the content of any communication).

Second, Plaintiffs fail to plausibly allege that any communication was intercepted while "in transit."  *See Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002) ("This conclusion is consistent with the ordinary meaning of 'intercept,' which is 'to stop, seize, or interrupt in progress or course before arrival.'")  Plaintiffs rely on *Jackson v. LinkedIn Corp.*, 744 F. Supp. 3d 986 (N.D. Cal. 2024) to argue "[a]llegations describing the real-time transmission of communications is sufficient on a motion to dismiss."  (Opp. at 20:23-25.)  But *Jackson* is inapposite.  There, the plaintiff specifically alleged that LinkedIn (the third party) intercepted sensitive data and read and used it for its own marketing services.  *Jackson*, 744 F. Supp. 3d at 994.  As courts in this District have recognized "[r]eading or learning the contents of a communication requires 'some effort at understanding the substantive meaning' of the communication.'"  *Doe v. Eating Recovery Ctr. LLC*, 806 F. Supp. 3d 1109, *13 (N.D. Cal. 2025) (citing *Williams v. DDR Media, LLC*, 757 F. Supp. 3d 989, 995 (N.D. Cal. 2024)).  Here, however, the Complaint is completely devoid of any factual allegations explaining how a third party acquired, let alone read or attempted to read, Plaintiffs' communications during transmission.  *See id.* at *6 ("[Y]ou must do something more than just intercept the communication while it is in transit to be held liable [under Section 631(a)].").  Without interception in transit, there is no violation of Section 631(a) that Deckers could have aided.

Consequently, the claim for wiretapping under CIPA fails.

### C.    **Plaintiffs' Concede That Their Unjust Enrichment Claim Fails As A Matter Of Law.**

Plaintiffs concede in a footnote that Plaintiffs "do not oppose dismissal without prejudice of their unjust enrichment claim."  (Opp. at 22 n.8.)  As such, the Court should do as it did in

*Selby v. Sovrn Holdings, Inc.,* No. 25-cv-03139-RFL, 2025 U.S. Dist. LEXIS 205538, at *1 (N.D. Cal. Oct. 16, 2025) and dismiss the unjust enrichment claim because Plaintiffs have failed to allege that they lack an adequate remedy at law. *See Bartling v. Apple Inc. (In re Apple Processor Litig.),* No. 22-16164, 2023 U.S. App. LEXIS 24257, at *5-6 (9th Cir. Sep. 13, 2023) (affirming dismissal of equitable claims where plaintiffs failed to explain "how the money they seek through restitution is any different than the money they seek as damages").  Nothing in the Complaint indicates that Plaintiffs' legal remedies are insufficient.  *See, e.g., Gilligan v. Experian Data Corp.*, No. 25-cv-02873-RFL, 2026 U.S. Dist. LEXIS 1907, at *11 (N.D. Cal. Jan. 6, 2026) (dismissing unjust enrichment claim in CIPA case where "Plaintiffs have failed to allege that they lack an adequate remedy at law").

Alternatively, as detailed in the Motion, the Court may also dismiss the unjust enrichment claim because: (1) California law does not recognize unjust enrichment as a standalone cause of action; (2) the Complaint fails to allege a benefit unjustly conferred because the Websites are free and publicly accessible; and (3) restitution cannot be claimed absent a sufficiently pled actionable misrepresentation.  (Mot. at 18.)

### D. Plaintiffs' Allegations Regarding Sanuk Must Be Stricken.

Plaintiffs do not refute that the Sanuk website has not been under Deckers' ownership or control since August 15, 2024.  (Opp. at 18-19.)  As discussed in the Motion, the CIPA claims, which have one-year statutes of limitation, have expired as they pertain to Sanuk because Plaintiffs did not file the complaint until November 7, 2025, which is more than a year after August 15, 2024.  (Mot. at 19.)  And to the extent that any claims concerning Sanuk are not barred by the statute of limitations, Plaintiffs' claims are against Lole Brands who owns and operates the Sanuk website—not Deckers.  (*Id.*)  As such, the allegations concerning Sanuk (Compl. ¶¶ 1, 23, 32(c), 33, 51, 55, 77, 83, 100, 105, 117, 139) are immaterial, impertinent, and must be stricken.  *See, e.g., Lawson v. GE*, No. 15-cv-02384-TEH, 2015 U.S. Dist. LEXIS 160362, at *4 (N.D. Cal. Nov. 30, 2015) (granting motion to strike portion of complaint "as immaterial and impertinent").

In an attempt to salvage their CIPA claims concerning Sanuk, Plaintiffs contend that the discovery rule postpones the accrual of their CIPA claims. (Opp. at 18 n.9.) But Plaintiffs point to no allegations in the Complaint regarding such delayed discovery—nor could they because no such allegations exist. Thus, Plaintiffs fail to meet their burden to show that the discovery rule should be applied to salvage their CIPA claims as to Sanuk. *See Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005) ("In assessing the sufficiency of the allegations of delayed discovery, the court places the burden on the plaintiff to show diligence; conclusory allegations will not withstand demurrer."). Plaintiffs provide no allegations to plausibly allege that Plaintiffs could not have discovered any supposed CIPA claim related to Sanuk with reasonable diligence earlier.

### E.      The Complaint Should Be Dismissed With Prejudice.

Plaintiffs do not contend that the defects in the Complaint could be cured by amendment, nor do they propose what different or additional facts they might allege. (Opp. at 19.) There are no facts that can cure Plaintiffs' pleading deficiencies, and, without additional facts not previously provided, Plaintiffs should not be entitled to another bite at the apple. *See Leramo v. Premier Anesthesia Med. Group*, Case No. CV F 09-2083 LJO JTL, 2010 U.S. Dist. LEXIS 79418, at *11 (E.D. Cal. Aug. 6, 2010) (to justify leave to amend, plaintiffs must explain how they "could amend to cure the defects" in a complaint). This is particularly so because the Parties engaged in a fulsome meet and confer process in advance of Deckers filing the Motion— during which time Deckers pointed out specific deficiencies in the Complaint, including for instance that neither Plaintiff alleges to have visited the Teva website and that Deckers has not owned the Sanuk brand since August 2024. Plaintiffs, however, refused to file an amended complaint, which resulted in Deckers filing this Motion.

Accordingly, amendment would be futile, and the Complaint should be dismissed with prejudice. *See, e.g., Kendall v. Visa USA, Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008) ("Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment."); *Garrison v. United States Judicial Comm'n*, No. 25-cv-00866-EKL, 2025 U.S.

Dist. LEXIS 264594, at *6 (N.D. Cal. Dec. 22, 2025) (dismissing complaint without leave to amend where "amendment would be futile").

III.    **CONCLUSION**

Plaintiffs' Complaint is riddled with fundamental and incurable defects. Accordingly, Deckers respectfully requests that the Court dismiss the Complaint with prejudice and strike all allegations concerning Sanuk from the Complaint (Compl. ¶¶ 1, 23, 32(c), 33, 51, 55, 77, 83, 100, 105, 117, 139).

DATED: March 2, 2026                    STRADLING YOCCA CARLSON & RAUTH LLP


                                        By:    */s/ Travis P. Brennan*
                                               Travis P. Brennan
                                               Sean Thomas Lobb

                                               Attorneys for Defendant
                                               DECKERS OUTDOOR CORP.

STRADLING YOCCA
CARLSON & RAUTH

-13-

REPLY IN SUPPORT OF MOTION TO DISMISS AND STRIKE
CASE NO. 3:25-CV-09631-RFL