UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ORTIZ, et al., <br><br>         Plaintiffs, <br><br> v. <br><br> DECKERS OUTDOOR CORP., <br><br>         Defendant. | Case No.  25-cv-09631-RFL <br><br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND DENYING MOTION TO STRIKE** <br><br> Re: Dkt. No. 18 |

Plaintiffs Jose Ortiz and Laura Willis Albrigo bring this putative class action against Defendant Deckers Outdoor Corporation.  Ortiz and Albrigo allege that Deckers's websites incorporated third-party resources that installed third-party cookies on users' browsers and devices, where the cookies would collect and transmit users' data even after users had disabled non-essential cookies and opted out of sharing their information.  (Dkt. No. 1 ("Compl.").)  The complaint comprises six claims: (1) invasion of privacy, (2) intrusion upon seclusion, (3) wiretapping in violation of the California Invasion of Privacy Act ("CIPA"), (4) use of a pen register in violation of CIPA, (5) common law fraud, and (6) unjust enrichment.  Deckers moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and to strike allegations concerning Sanuk, a brand that Deckers alleges has not been under its ownership or control since August 15, 2024.  (Dkt. No. 18.)  For the reasons that follow, the motion to dismiss is **GRANTED IN PART AND DENIED IN PART**, and the motion to strike is **DENIED**.  This order assumes the parties' familiarity with the facts of the case, the applicable legal standards, and both sides' arguments.[1]

---

[1] Deckers's request (Dkt. No. 19) that the Court take judicial notice of its cookies and privacy policies, a Yahoo article regarding the sale of Sanuk, the Koolaburra website, and a complaint

1

***Federal Rule of Civil Procedure 9(b)***.  Deckers argues that Ortiz and Albrigo's claims are all subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). (Dkt. No. 18 at 13.)[2]  None of the claims besides the common law fraud claim "sound in fraud," therefore, those claims are not subject to Rule 9(b).  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003).  Ortiz and Albrigo's allegation that Deckers misrepresented that its websites' users could disable non-essential cookies and opt out of their data being shared is a significant component of Ortiz and Albrigo's claims.  But the non-fraud claims do not "rely entirely" on those misrepresentations.  *Id*. at 1103.  "Instead, the other claims focus primarily on privacy-related harms resulting from the information gathering that was enabled by the cookies placed on plaintiffs' devices after they attempted to reject them."  *Shah v. MyFitnessPal, Inc.*, No. 25-cv-04430-PCP, 2026 WL 216334, at *8 n.3 (N.D. Cal. Jan. 27, 2026).  Accordingly, the heightened pleading requirements of Rule 9(b) apply only to the common law fraud claim.

***Invasion of Privacy, Intrusion Upon Seclusion, and Pen Register Claims***.  Because Rule 9(b) is only basis upon which Deckers moves to dismiss the invasion of privacy, intrusion upon seclusion, and pen register claims, the motion to dismiss those claims is denied.

***Common Law Fraud Claim***.  The motion to dismiss the fraud claim is granted because the complaint fails to plausibly allege with particularity that Deckers knew its representations that users could disable non-essential cookies and opt out of their information being shared were false.  Ortiz and Albrigo allege that Deckers "voluntarily integrated 'third-party resources' . . . into its Websites' programming" and "controls the software code of its Websites."  (Compl. ¶¶ 17, 24.)  Therefore, they allege that Deckers "knew, or should have known, how the Websites functioned, including the Third Party's resources it installed on the Websites and the third-party cookies in use on the Websites . . . and knew, or should have known, that the Websites' programming allowed the third-party cookies to be placed on users' . . . browsers and devices

---

filed by Plaintiffs' counsel in another case in this District is denied as moot because those materials are not pertinent to this resolution of the motion to dismiss.

[2] All references to page numbers for documents on the docket refer to ECF pagination.

and/or transmitted to the Third Parties along with users' Private Communications even after users attempted to disable or reject all non-essential cookies, which [Deckers] promised its users they could do."  (Compl. ¶ 214.)

But these allegations are insufficient to support a plausible inference that Deckers understood how the third-party resources operate.  Deckers did not itself develop the third-party resources, so even if Deckers incorporated them into its websites voluntarily, that does not suggest that Deckers understood how they functioned.  (Compl. ¶¶ 17, 20.)  Deckers's knowledge of how its own websites worked does not bridge this gap.  Therefore, without more, the allegations in the complaint do not support a plausible inference that Deckers knew that user data would be collected and transmitted to third parties regardless of whether users opted out of that collection and transmission, and accordingly do not support a plausible inference that Deckers knew that its representations regarding whether users could opt out were false.  The motion to dismiss this claim is granted.

Albrigo's fraud claim must be dismissed for the additional reason that Albrigo fails to allege with specificity when she visited the Sanuk, Ugg, and Koolaburra websites.  Whereas Ortiz alleges that he visited the Hoka site in or around April or May 2025, Albrigo alleges simply that she visited the websites "on one or more occasions during the last four years."  (Compl. ¶ 139.)  But "[t]his level of generality fails to provide [Deckers] with notice of the misconduct alleged" by preventing Deckers from determining "what specific representations regarding cookies were made on [its] websites on the specific dates that [Albrigo] visited those websites or determin[ing] how the websites were using any cookies placed on users' devices on those specific dates."  *Wiley v. Universal Music Grp., Inc.*, No. 25-cv-03095-PCP, 2025 WL 3654085, at *10 (N.D. Cal. Dec. 17, 2025).  Accordingly, Albrigo's claim fails to meet the particularity requirements of Rule 9(b) and must be dismissed.

***Wiretapping Claim***.  The motion to dismiss the wiretapping claim is granted.  Deckers argues that Ortiz and Albrigo fail to allege that the content of their communications was read and that any communications were intercepted while "in transit."  (Dkt. No. 18 at 16–17.)  Although

3

Ortiz and Albrigo have plausibly alleged that the content of their communications was read, they have not plausibly alleged that their communications were intercepted while they were being sent, received, or while they were in transit.

As to the first argument, the complaint alleges that third-party cookies from Deckers's websites intercepted user input data such as "search queries, the user's name, age, gender, email address, location, and/or payment information." (Compl. ¶ 21.)  While information such as "keystrokes, mouse clicks, pages viewed" and other session information does not constitute "content" of online communication under CIPA, the user input data identified by the complaint is precisely the sort of "user-generated material of a message" that constitutes "content."  *See Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1082 (C.D. Cal. 2021).  Although Ortiz and Albrigo did not explicitly allege that they input any information on Deckers's websites, their allegations regarding past browsing on the websites and the way in which the cookies function support a plausible inference that they in fact provided input to the websites.

As to the second argument, Plaintiffs' allegations are insufficient to support a plausible inference that their communications were intercepted while being sent, received, or in transit. The complaint contains only conclusory allegations that Deckers's websites tracked and collected users' data in real time.  (*E.g.*, Compl. ¶¶ 3, 21.)  Though extensive information is provided about what is stored in the cookies, the allegations do not specify when the information stored in the cookies is transmitted.  At most, the complaint describes that when a user takes a certain action, a cookie might send information to a third party.  (*E.g.*, Compl. ¶ 41.)  However, the complaint does not indicate whether the cookie sends this information immediately or contemporaneously with the information's creation, nor does the complaint provide any information regarding when this transmission occurs.  *See Valenzuela v. Keurig Green Mountain, Inc.*, 674 F. Supp. 3d 751, 758–59 (N.D. Cal. 2023).  The complaint's allegations therefore do not plausibly suggest users' communications were intercepted while in transit or while they were being sent or received.  For that reason, the motion to dismiss this claim is

granted.  Dismissal is with leave to amend, so Ortiz and Albrigo can provide additional allegations concerning when the communications at issue were allegedly intercepted.

*Unjust Enrichment Claim*.  Ortiz and Albrigo do not oppose dismissing this claim without prejudice.  (Dkt. No. 21 at 22 n.8.)  The complaint alleges only that without their other claims, Ortiz and Albrigo "would have no adequate legal remedy."  (Compl. at ¶ 232.)  That conclusory allegation does not plausibly suggest that Ortiz and Albrigo lack an adequate remedy at law.  *See Selby v. Sovrn Holdings, Inc.*, No. 25-cv-03139-RFL, 2025 WL 2950164, at *4 (N.D. Cal. Oct. 17, 2025).  Accordingly, the motion to dismiss this claim is granted.

*Motion to Strike*.  The motion to strike the complaint's allegations regarding Sanuk is denied.  Though Deckers argues that any CIPA claim against it involving the Sanuk website would be barred under CIPA's statute of limitations, the allegations regarding Sanuk are relevant to Albrigo's other claims, which Deckers does not argue are time barred.  (Dkt. No. 18 at 19.) The Court therefore cannot conclude that the complaint's allegations regarding Sanuk are "immaterial and impertinent."

*Conclusion*.  For the foregoing reasons, the motion to dismiss the fraud, wiretapping, and unjust enrichment claims is granted.  The motion is denied as to the remaining claims.  Dismissal is with leave to amend because the Court cannot conclude on the current record that amendment would be futile.  The motion to strike is also denied.  If Ortiz and Albrigo wish to file an amended complaint correcting the deficiencies identified above, they shall do so by **May 27, 2026**.  If no such amended complaint is filed by that date, the claims that were dismissed in this Order will remain dismissed, and the case will proceed on the surviving claims only.

**IT IS SO ORDERED.**

Dated: May 6, 2026

RITA F. LIN
United States District Judge