TRAVIS P. BRENNAN, State Bar No. 238119
tbrennan@stradlinglaw.com
SEAN THOMAS LOBB, State Bar No. 324213
stlobb@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH LLP
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: (949) 725-4000
Fax: (949) 725-4100

Attorneys for Defendant
DECKERS OUTDOOR CORP.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE ORTIZ and LAURA WILLIS ALBRIGO, individuals, on behalf of themselves, the general public, and those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DECKERS OUTDOOR CORP.,<br><br>Defendant. | Case No. 3:25-cv-09631-RFL<br>Assigned to Hon. Rita F. Lin<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT AND MOTION TO STAY**<br><br>Complaint Filed: November 7, 2025<br>FAC Filed: May 26, 2026<br>Trial Date: N/A |

# TABLE OF CONTENTS

Page


I. INTRODUCTION .......... 1

II. ARGUMENT .......... 1

A. The FAC Does Not Cure The Multiple Deficiencies The Court Identified In Plaintiffs' Fraud Claim. .......... 1

1. The Opposition concedes that Plaintiffs do not allege Deckers knew its representations were false. .......... 1

2. The Opposition fails to dispute that the fraud claim does not satisfy Rule 9(b)'s particularity requirement. .......... 2

B. The Wiretapping Claim Still Does Not Plausibly Allege That Communications Were Intercepted In-Transit. .......... 4

C. Courts In This District Have Dismissed Substantially Similar Privacy Claims Filed By Plaintiffs' Counsel At The Pleading Stage. .......... 5

1. Plaintiffs had no reasonable expectation of privacy. .......... 5

2. The issue of a highly offensive intrusion is suitable for resolution at the pleading stage. .......... 6

D. Plaintiffs Do Not Meaningfully Dispute That A Stay Of Discovery Is Warranted. .......... 7

E. Deckers Did Not Waive Its Arguments On The Pen Register And Privacy Claims. .......... 7

F. It Is Undisputed That the Unjust Enrichment Claim Should Be Dismissed. .......... 8

G. Dismissal With Prejudice Is Now Ripe. .......... 9

III. CONCLUSION .......... 9

## I. INTRODUCTION

In response to the challenges made by Defendant Deckers Outdoor Corp. ("Deckers") to the original Complaint of Plaintiffs Jose Ortiz and Laura Willis Albrigo (collectively "Plaintiffs"), the Court dismissed Plaintiffs' claims for fraud, unjust enrichment, and wiretapping as insufficient. After a second bite at the apple, Plaintiffs' First Amended Complaint ("FAC") did not cure the deficiencies the Court previously identified, forcing Deckers to file its Motion to Dismiss the FAC and Motion to Stay. (Dkt. No. 33, the "Motion"). Plaintiffs' Opposition (Dkt. No. 39) largely evades addressing the reasons for the Court's original dismissal or establishing how the FAC survives the challenges raised again in the Motion. Instead, the Opposition raises various untimely arguments about why the Court erred in dismissing Plaintiffs' fraud and wiretap claims, while casting aspersions on Deckers. The FAC is deficient for all the reasons argued in the Motion and in this Reply.[1] Given that Plaintiffs have already had one opportunity to amend, and fail to establish how another opportunity would cure their defective pleading, the FAC should be dismissed with prejudice.

## II. ARGUMENT

### A. The FAC Does Not Cure The Multiple Deficiencies The Court Identified In Plaintiffs' Fraud Claim.

#### 1. The Opposition concedes that Plaintiffs do not allege Deckers knew its representations were false.

The Court previously dismissed Plaintiffs' fraud claim because Plaintiffs did not assert a plausible inference that Deckers knew its representations were false. (Dkt. No. 30 at 3.) Yet in the face of the additional detrimental challenges to the FAC, Plaintiffs' Opposition does not claim that the FAC includes new allegations that change the Court's calculus from its original order. Instead, the Opposition continues to claim that Deckers "either had actual knowledge that the representations in the cookie banner were false, or that the statements were 'carelessly and

[1] The Opposition asserts that the Motion should be stricken to the extent it exceeded 15 pages. Deckers brough both a Fed. R. Civ. P. 12(b)(6) motion along with its motion to stay discovery, and therefore it was more efficient for Deckers to combine its two motions into one. Deckers opposes any portion of the Motion's argument being stricken.

recklessly made, in a manner not warranted by the information available to defendant.'" (Opp. at 6.) The argument is still premised on the flawed theory that Deckers "should have known," which the Court already rejected as failing to meet the requisite knowledge required to meet the legal standard of a fraud claim. Plaintiffs *must* adequately allege a plausible inference that Deckers did actually know its representations were false. (Dkt. 30 at 3.) Since Plaintiffs have not done so (and cannot do so), the fraud claim should be dismissed with prejudice because Plaintiffs have merely re-raised the same debunked theory that the Court already rejected.

*Doe v. Xytex Corp.* is not to the contrary. 2017 U.S. Dist. LEXIS 43623, 2017 WL 1112996 (N.D. Cal. Mar. 24, 2017). In *Xytex*, the defendant claimed that it carefully screened sperm donors. *Id.* at *15. However, the plaintiffs learned that they received sperm from a diagnosed schizophrenic felon. *Id.* at *3-4. Judge Alsup reasoned that the plaintiffs adequately alleged scienter for their fraud claim because "[i]f Xytex had screened Donor #9623 as carefully as Xytex claimed to screen donors, then Donor #9623 would not have been held out to be a model man and likely would have been rejected. Xytex surely knew that it failed to screen up to the standard it advertised. This alone would show reckless disregard and therefore is adequate to show that Xytex acted with scienter." *Id.* at *15. Here, Plaintiffs' allegations are nowhere near analogous to the allegations in *Xytex*. The plaintiffs in *Xytex* alleged a plausible inference of scienter because the defendant would have known of the sperm donor's history had it actually performed the screening it claimed to undertake. In contrast, here there are no plausible allegations that Deckers knew or should have known about the function of third-party cookies to "support a plausible inference that Deckers understood how the third-party resources operate." (Dkt. No. 30 at 3.) Plaintiffs fail to allege the type of conduct present in the *Xytex* case to establish Deckers' scienter, rendering this comparison irrelevant to the matter before the Court.

**2. The Opposition fails to dispute that the fraud claim does not satisfy Rule 9(b)'s particularity requirement.**

While the Court previously dismissed Albrigo's fraud claim for the additional reason that she failed to "allege with specificity when she visited the Sanuk, UGG, and Koolaburra websites," the FAC's allegations did not correct that deficiency, and the Opposition does not

establish how Plaintiffs believes the deficiency was addressed, or how Abrigo may amend to satisfy the deficiency either. Indeed, the Opposition tacitly concedes that ***neither Plaintiff alleges to have ever visited the Teva website***. Deckers simply cannot determine what specific representations regarding cookies were made on the Teva website on the specific dates that Plaintiffs visited that website when neither Plaintiff alleges to have ever visited the website at any point in time.[2]

Albrigo's fraud claim likewise continues to suffer from the deficiencies the Court previously identified because she still alleges visiting the Koolaburra website merely "on one or more occasions during the last four years" (FAC ¶ 155), which is the same exact vague formulation the Court already found insufficient. (Dkt. 30 at 3) (dismissing Albrigo's fraud claim because "Albrigo alleges simply that she visited the websites 'on one or more occasions during the last four years'"). The Opposition does not even try to dispute that the FAC still fails to include information regarding Albrigo's history with the Koolaburra website that the Court already required. At minimum, Albrigo's fraud claim fails yet again for failing to allege when she visited the Koolaburra website, and on such grounds should be dismissed.

Further, Albrigo's allegations as to the Sanuk and Ugg websites are still deficient because they are not pled with particularity, even on amendment. Albrigo only vaguely alleges a visit "in or about September 2025." (FAC ¶¶ 153-54.) Given that website content, cookie configurations, and consent banners are dynamic and change over time, such a vague time window covering multiple alleged visits still does not provide Deckers adequate notice of which representations were made or how cookies functioned on the specific date(s) Albrigo visited. *See Boris v. Wal-Mart Stores, Inc.*, 35 F. Supp. 3d 1163, 1174-75 (C.D. Cal. 2014), aff'd, 649 F. App'x 424 (reasoning that Rule 9(b) not satisfied where plaintiff failed to identify when he viewed website or relied on its contents, which were subject to change over time).

---

[2] Nor did Deckers even own or control the Sanuk website in September 2025.

**B. The Wiretapping Claim Still Does Not Plausibly Allege That Communications Were Intercepted In-Transit.**

Tellingly, the Opposition does not begin by arguing that Plaintiffs' communications were intercepted in transit to address the Court's prior dismissal. Instead, the Opposition cites to a state court decision nearly fifty years old (and thus prior to the development of the sort of internet communications contemplated today) that reasoned wiretapping claims are not limited to communications intercepted in transit. (Opp. at 3.) Yet the Opposition ignores the Court's clear holding and previous decisions. *See Lau v. Gen. Digit. Inc.*, 2024 U.S. Dist. LEXIS 81310, at *5 (N.D. Cal. Apr. 3, 2024) (Lin, J.) (holding that wiretapping concerns "the unauthorized interception of communications, not any subsequent storage and/or use'"). Indeed, the Opposition's argument also runs counter to countless federal court decisions that analyzed wiretapping claims in the last decade, rather than a 50-year old decision analyzing a completely different fact pattern. *See Rodriguez v. Google LLC*, 2022 U.S. Dist. LEXIS 13476, at *10–11 (N.D. Cal. Jan. 25, 2022) (Seeborg, C.J.) ("Using the word 'intercept' repeatedly is simply not enough" without specific facts making in-transit interception plausible); *Rosenow v. Facebook, Inc.*, 2020 U.S. Dist. LEXIS 73513, at *22 (S.D. Cal. Apr. 27, 2020) (dismissing wiretapping claim where allegations of "in transit" interception were conclusory).

The Opposition then makes a half-hearted attempt to claim Plaintiffs' communications were intercepted "in transit," yet does not overcome the Court's prior ruling that "Plaintiffs' allegations are insufficient to support a plausible inference that their communications were intercepted while being sent, received, or in transit." (Dkt. No. 30 at 4.) The Opposition claims that the FAC satisfies the "in transit requirement" because it "added allegations outlining how communications are intercepted in transit from consumers' browsers to the Websites." (Opp. at 4 (citing FAC ¶¶ 123-31.)) Yet the FAC describes a separate communication channel—one initiated by code in the user's browser sending data directly to third-party servers—which is fundamentally distinct from intercepting a communication in transit between the user and Deckers so that a third-party can read those communications. That is insufficient. *See Doe v. Eating Recovery Ctr. LLC*, 806 F. Supp. 3d 1109, 1117 (N.D. Cal. 2025) ("reading or learning

the contents" of a communication requires "some effort at understanding the substantive meaning" of the communication, and a defendant must do more than merely receive data in transit to satisfy Section 631(a).). At most, the FAC simply added conclusory allegations that the communications occurring directly between Plaintiffs and third-parties were "intercepted" while "in transit," a pleading theory courts have already strongly rejected. *See In re Vizio, Inc., Consumer Priv. Litig.*, 238 F. Supp. 3d 1204, 1228 (C.D. Cal. 2017) ("conclusory" allegation of interception "during transmission" supported only by vague real-time collection allegations is insufficient to state a claim). Given that the FAC does not cure Plaintiffs' failure to allege communications were intercepted "in transit," the wiretapping claim should be dismissed with prejudice.

**C. Courts In This District Have Dismissed Substantially Similar Privacy Claims Filed By Plaintiffs' Counsel At The Pleading Stage.**

**1. Plaintiffs had no reasonable expectation of privacy.**

The FAC does not allege Plaintiffs had a reasonable expectation of privacy in the data they sent to Deckers. The Opposition does not dispute that the Deckers privacy policy disclosed how its websites used cookies, informed them of the categories of information Deckers may collect, how it is collected, how it may be shared, and how it may be used. (FAC ¶ 25.) Under such circumstances, Plaintiffs could not have had a reasonable expectation of privacy in the information they shared with Deckers. *See Lloyd v. Facebook, Inc.*, 2024 U.S. App. LEXIS 16527, *5 (9th Cir. Jul. 8, 2024) ("[B]ecause Facebook's data policy gives clear notice that third party partners may share data with Facebook, Lloyd did not have a reasonable expectation of privacy in this information."). That is particularly true where, as here, Deckers never stated that it would not place (or had not already placed) cookies on a visitor's device, or that it would delete any cookies already placed on a visitor's device. (FAC ¶¶ 27-28.) And nowhere on the cookie banners does Deckers state that a visitor can decline all categories of cookies, such as essential cookies. (*Id.*)

Further, the FAC and Opposition fail to plead that the data allegedly collected was so voluminous or sensitive that it created a reasonable expectation of privacy. As the court noted in

*Hammerling v. Google LLC*, "there is no reasonable expectation of privacy when the data collection is within users' common-sense expectation or when the information is not sensitive." 615 F. Supp. 3d 1069, 1089 (N.D. Cal. 2022) (citing *In re Zynga Privacy Litig.*, 750 F.3d 1098, 1108-09 (9th Cir. 2014)). While the Opposition spends time casting aspersions on Deckers, it tellingly omits what information Plaintiffs shared that was sensitive or outside their common-sense expectation given Deckers' privacy policy. (Opp. at 11-12.) Even *Shah v. MyFitnessPal, Inc.*, upon which Plaintiffs rely, noted that the information at issue implicated bodily autonomy such as health and fitness information about the user. 2026 U.S. Dist. LEXIS 15193, *11, 2026 WL 216334 (N.D. Cal. Jan. 27, 2026). Plaintiffs do not allege their information here was similarly sensitive. Plaintiffs have not adequately alleged a reasonable expectation of privacy in their information.

**2. The issue of a highly offensive intrusion is suitable for resolution at the pleading stage.**

Plaintiffs contend that this Court cannot determine whether Deckers' alleged actions constitute a highly offensive intrusion at this stage, relying on the Court's previous statement that "this issue is generally not suitable for determination on the pleadings." *M.H. v. Done Glob. Inc.*, 2025 U.S. Dist. LEXIS 38456, at *6 (N.D. Cal. Feb. 26, 2025) (Lin, J.). This flimsy argument relies on a surface restatement of the Court's general approach, completely ignoring this Court has itself departed from that general principle under the appropriate circumstances. *See Tsering v. Meta Platforms, Inc.*, 2026 U.S. Dist. LEXIS 5762, *21, 2026 LX 95185, 2026 WL 89320 (N.D. Cal. Jan. 12, 2026) (Lin, J.) (granting motion to dismiss invasion of privacy claim where the plaintiff "fail[ed] to plausibly allege that the intrusion occurred in a manner 'highly offensive to a reasonable person'").

Indeed, this is one such case where the issue is suitable for determination on the pleadings, because Plaintiffs merely allege they visited Deckers' websites and had routine information collected. As Judge Chen found in *Ortiz v. Foris Dax, Inc.*, nearly identical claims by Plaintiffs' counsel here for the same named Plaintiff failed to allege a highly offensive intrusion at the pleading stage because merely placing third-party tracking cookies, after users

explicitly chose to disable them, was not an "egregious breach of social norms" where Plaintiff Ortiz merely alleged he visited a website. 2026 U.S. Dist. LEXIS 113330, *11-12, 2026 LX 251053, 2026 WL 1430720 (N.D. Cal. May 21, 2026). Plaintiffs make the conclusory claim that "unlike [*Ortiz*]," Plaintiffs alleged what actions they took on the website. (Opp. at 13.) Yet the Opposition does not even bother to explain *what* those actions were. The FAC does not adequately allege a highly offensive intrusion by Deckers, and the privacy claims should be dismissed on that basis with prejudice.

**D. Plaintiffs Do Not Meaningfully Dispute That A Stay Of Discovery Is Warranted.**

The Opposition only briefly addresses Deckers' Motion to Stay Discovery, and in doing so does not meaningfully dispute that a stay of discovery is warranted. While the Motion cited many cases from this district that determined a stay of discovery was appropriate while a court considers the merits of a substantial motion (Mtn. at 25), the Opposition does not address that authority or establish how a brief stay of the discovery process here at the pleadings stage prejudices them in any way. Instead, the Opposition merely argues that the Court has already taken a "preliminary peek" and found some of Plaintiffs' claims survived Deckers' prior Motion to Dismiss. (Opp. at 15.) Notably, Plaintiffs do not dispute that the first prong is satisfied, *i.e.* a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351-52 (N.D. Cal. 2003). Nor do Plaintiffs dispute that the Motion can be resolved without further discovery. *Id.* Plaintiffs do not identify any compelling basis to deny Deckers' request to stay discovery pending resolution of its Motion.

**E. Deckers Did Not Waive Its Arguments On The Pen Register And Privacy Claims.**

Deckers did not waive any arguments regarding the pen register and privacy claims because its original Motion to Dismiss sought to dismiss those claims pursuant to Rule 12(b)(6), just as the instant Motion does. (Dkt. No. 18 at 2.) Yet even if this Court were to determine that Deckers' pen register and privacy arguments were not raised in its previous Motion to Dismiss,

"courts faced with a successive motion often exercise their discretion to consider the new arguments in the interests of judicial economy." *Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*, 2011 U.S. Dist. LEXIS 73853, at *6 n.1, 2011 WL 2690437 (N.D. Cal. July 8, 2011); *see also Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1475 n.2 (9th Cir. 1988) ("[C]ourts have discretion to hear a second motion under Rule 12(b)(6) if the motion is not interposed for delay and the final disposition of the case will thereby be expedited.").

The Opposition does not (and cannot) explain how Deckers delayed bringing the pen register and privacy arguments raised in the Motion. Moreover, many of the cases the Motion cites were issued after Deckers drafted its original Motion to Dismiss. Further, judicial efficiency is served by hearing Deckers' arguments now rather than requiring Deckers to raise these same arguments in a Rule 12(c) motion. *See, e.g.*, *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017) ("Denying late-filed Rule 12(b)(6) motions and relegating defendants to the three procedural avenues specified in Rule 12(h)(2)"—i.e., Rule 7 answers, motions for judgment on the pleadings, and arguments at trial—"can produce unnecessary and costly delays, contrary to the direction of Rule 1."); *B&G Foods N. Am., Inc. v. Embry*, 2024 U.S. Dist. LEXIS 59067, *5, 2024 WL 1344676 (2024) (E.D. Cal. Mar. 29, 2024) ("While defendants could have raised their new argument in the prior three motions, the court proceeds to considering the merits of defendants' motion in the interest of efficient resolution."); *Amaretto Ranch Breedables, LLC*, 2011 U.S. Dist. LEXIS 73853 at *6 n.1 (similar). Deckers did not waive its arguments regarding Plaintiffs' pen register and privacy claims, and the Court should consider these issues now for the purposes of judicial efficiency.[3]

**F. It Is Undisputed That the Unjust Enrichment Claim Should Be Dismissed.**

Plaintiffs acknowledge that they do not oppose dismissal of their unjust enrichment claim. (Opp. at 3.) Accordingly, the Court should dismiss the unjust enrichment claim with prejudice.

[3] Deckers also notes that S.B. 690 is currently pending before the California legislature. If passed, it would remove the private right of action for pen register claims and apply retroactively to pending claims filed within the last two years.

**G. Dismissal With Prejudice Is Now Ripe.**

Plaintiffs do not contend that the defects in the FAC could be cured by amendment, nor do they propose what different or additional facts they might allege. (Opp. at 15.) "Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Kendall v. Visa USA, Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). There are no facts that can cure Plaintiffs' pleading deficiencies, as they would have otherwise raised them by now. *See Garrison v. United States Judicial Comm'n*, 2025 U.S. Dist. LEXIS 264594, at *6 (N.D. Cal. Dec. 22, 2025) (dismissing complaint without leave to amend where "amendment would be futile").

Dismissal with prejudice is particularly appropriate here because the Court already gave Plaintiffs an opportunity to amend their pleading's deficiencies, yet they fell short again. Plaintiffs should not be entitled to a third bite at the apple. "[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (internal citations omitted). *See also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint."). Given that Plaintiffs have already had one chance to amend and failed to plead new facts sufficient to state a claim, coupled with their inability to identify additional facts they might allege in their Opposition, dismissal with prejudice is merited.

## III. CONCLUSION

For these reasons, Deckers respectfully requests that the Court dismiss the FAC with prejudice and stay all discovery in this action until the Court decides the pending Motion.

DATED: July 14, 2026

STRADLING YOCCA CARLSON & RAUTH LLP

By: [signature]
Travis P. Brennan
Sean Thomas Lobb
Attorneys for Defendant
DECKERS OUTDOOR CORP.