UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE ORTIZ, et al.,

Plaintiffs,

v.

DECKERS OUTDOOR CORP.,

Defendant.

Case No. 25-cv-09631-RFL (ASK)

**ORDER RE: DISCOVERY DISPUTE**

Re: Dkt. No. 35

In this privacy class action, Plaintiffs and Defendant Deckers Outdoor Corporation ("Deckers") filed a joint discovery dispute letter as to whether discovery should proceed on the claims that survived Deckers's first motion to dismiss. Dkt. 35. The answer is yes. True, Deckers prevailed in part on its initial motion to dismiss, Plaintiffs amended their complaint, and Deckers has filed a now-pending motion to dismiss the amended complaint. But the speculative success of Deckers's pending motion to dismiss does not protect Deckers from responding to discovery as to those claims that have already survived a pleadings challenge. Indeed, typically, discovery proceeds even while an initial motion to dismiss is pending and ***none*** of the plaintiffs' claims have survived a pleadings challenge.

The Court is concerned that Deckers has, at least in part, improperly brought about its own *de facto* stay of discovery. Deckers delayed producing discovery by responding to Plaintiffs' February 5, 2026, requests with blanket objections that the discovery requests were premature. During the resulting meet-and-confer, which took place on March 10, 2026, Deckers requested a two-month extension to respond. And when Deckers finally did respond on May 13, 2026—more than three after the initial discovery was served—it once again objected in blanket fashion that the discovery requests were premature. Indeed, Deckers waited until June 23, 2026—nearly five

United States District Court
Northern District of California

United States District Court
Northern District of California

months after Plaintiffs served their initial discovery requests—to seek a stay of discovery. The Court is tempted to adopt Plaintiffs' proposal of sanctioning Deckers for its dilatory and improper tactic of requesting a two-month extension to respond to discovery and then serving responses that once again objected to the discovery on grounds that Deckers was aware of at the time it requested the extension. But the Court declines to do so now, in the hope that a warning will suffice. The Court also admonishes Deckers not to use the fact that discovery is now authorized as to some claims and not others to manufacture further bases for delay.

Accordingly, Deckers is ordered to respond to Plaintiffs' first set of requests for production and first set of interrogatories as to any claims that survived Judge Lin's May 6, 2026 Order Granting in Part and Denying in Part Deckers's Motion to Dismiss and Denying Deckers's Motion to Strike, Dkt. 30, without withholding any discovery on the basis that it is premature.

**IT IS SO ORDERED.**

Dated: July 28, 2026

AJAY KRISHNAN
United States Magistrate Judge